UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

        Plaintiff,

v.                                            Case No.: 6:23-cv-1445-WWB-DCI

RENE LARRALDE, JUAN PABLO
VALCARCE, BRIAN EARLY, ALISHA
ANN KINGREY and FUNDSZ,

        Defendants.
        _____/

## ORDER

THIS CAUSE is before the Court on the Consent Motion to Enter Preliminary Injunction as to Defendant Juan Pablo Valcarce (Doc. 37) and the Consent Motion to Enter Preliminary Injunction as to Defendants Rene Larralde, Brian Early, and Alisha Ann Kingrey (Doc. 41). Also before the Court is Defendant Larralde's Motion for Payment of Attorney's Fees from Funds Being Held by Receiver (Doc. 22) and Plaintiff's Response (Doc. 28).

On August 2, 2023, the Court entered a Statutory Restraining Order ("**SRO**," Doc. 11) against Defendants, which was subsequently extended. (Doc. 14 at 1). The SRO is currently set to expire at 11:59 p.m. Eastern Time on August 23, 2023. (*Id.*). A preliminary injunction hearing was set for August 23, 2023, but was cancelled in accordance with the parties' request. (Doc. 41 at 1; Doc. 42). The Commodity Futures Trading Commission ("**CFTC**") and Defendants Valcarce, Larralde, Early, and Kingrey have now agreed to the

entry of a stipulated preliminary injunction without a hearing. As to Defendant Larralde's Motion, the CFTC indicated it does not oppose the requested relief. (Doc. 28 at 2).

Having considered the Consent Motions, the record, and the agreement of the parties, this Court finds that good cause has been shown for the entry of a preliminary injunction against Defendants Valcarce, Larralde, Early, and Kingrey. Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant Larralde's Motion for Payment of Attorney's Fees from Funds Being Held by Receiver (Doc. 22) is **GRANTED**. Within fourteen days from the date of this Order, the Receiver shall provide payment to Defendant Larralde's counsel in the amount of $8,660.00.

2. The Consent Motion to Enter Preliminary Injunction as to Defendant Juan Pablo Valcarce (Doc. 37) and the Consent Motion to Enter Preliminary Injunction as to Defendants Rene Larralde, Brian Early, and Alisha Ann Kingrey (Doc. 41) are **GRANTED** and the following Preliminary Injunction is entered:

## PRELIMINARY INJUNCTION

**I.  FINDINGS**

A. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

B. The CFTC has made a prima facie showing that since October 2020, Defendants Rene Larralde, Juan Pablo Valcarce, Brian Early, and Alisha Ann Kingrey have made material misrepresentations regarding the use of participant funds, expected investment returns, and historical investment returns and that these Defendants have, are, or are

about to engage in conduct in violation of 7 U.S.C. § 9(1) and 17 C.F.R. § 180.1(a)(1)–(3).

C.   This Court has authority to issue this Order pursuant to 7 U.S.C. § 13a-1, Federal Rule of Civil Procedure 65, and 28 U.S.C. § 1651. Defendants Rene Larralde, Juan Pablo Valcarce, Brian Early, and Alisha Ann Kingrey consent to the entry of this Order and Preliminary Injunction.

D.   No bond is required for the issuance of this Order pursuant to 7 U.S.C. § 13a-1(b).

## II.   DEFINITIONS

For the purposes of this Order, the following definitions apply:

A.   "**Assets**" means any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), insurance policies, digital assets, and all funds, wherever located, whether in the United States or outside the United States.

B.   "**Defendants**" refers to Defendants Larralde, Valcarce, Early, Kingrey, and Fundsz, individually, collectively, or in any combination.

C.   "**Individual Defendants**" means Rene Larralde, Juan Pablo Valcarce, Brian Early, and Alisha Ann Kingrey, individually, collectively, or in any combination.

D.   "**Receiver**" means the Receiver appointed in this Order and any deputy Receivers that shall be named by the Receiver.

E.     "**Receivership Defendants**" means Defendant Fundsz and its affiliates or subsidiaries owned or controlled by Fundsz and all customer funds and property and other assets traceable to customers in the possession of or under the control of any Defendant.

D.     "**Records**" means "documents" and "electronically stored information" as those terms are used in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or other data compilations—stored in any medium from which information can be obtained or translated, if necessary, into reasonable usable form.  The term "records" also includes all electronic communications and data, and includes, but is not limited to, all e-mails, online chats, online messaging, or electronic communications of any kind.  The term "records" also refers to each and every such item in Defendants' actual or constructive possession, including but not limited to: (i) all such items within the custody or control of any agents, employers, employees, or partners of the Defendants; and (ii) all items which Defendants have a legal or equitable right to obtain from another person.  A draft or non-identical copy is a separate item within the meaning of the term.  A record also includes the file and folder tabs associated with each original and copy.

### III.     PROHIBITED ACTIVITIES

The Individual Defendants and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with him, including any successors thereof, who receive actual notice of this Order by personal service or otherwise, are preliminarily restrained and enjoined from:

A. Directly or indirectly, using or employing, or attempting to use or employ, in connection with any swap or contract of sale of any commodity in interstate commerce, or for future delivery on or subject to the rules of any registered entity, any manipulative or deceptive device or contrivance, including by intentionally or recklessly: (1) using or employing, or attempting to use or employ, any manipulative device, scheme, or artifice to defraud; (2) making, or attempting to make, any untrue or misleading statement of a material fact or to omit to state a material fact necessary in order to make the statements made not untrue or misleading; or (3) engaging, or attempting to engage, in any act, practice, or course of business, which operates or would operate as a fraud or deceit upon any person or otherwise violating 7 U.S.C. § 9(1) and 17 C.F.R. § 180.1(a)(1)–(3);

B. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

C. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

D. Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC, except as provided for in 17 C.F.R. § 4.14(a)(9); and

E. Acting as a principal (as that term is defined in 17 C.F.R. § 3.1(a)), agent, or any other officer or employee of any person registered, exempted from registration, or required to be registered with the CFTC, except as provided for in 17 C.F.R. § 4.14(a)(9).

F. Defendants Larralde and Valcarce are preliminarily restrained and enjoined from:

    1. Trading on or subject to the rules of any registered entity (as that term is defined by 7 U.S.C. § la(40));

    2.      Entering into any transactions involving "commodity interests" (as that term is defined in 17 C.F.R. § 1.3) for accounts held in the name of the Individual Defendant or Fundsz or for accounts in which the Individual Defendant or Fundsz has a direct or indirect interest;

    3.      Entering into any transactions involving digital assets for accounts held in the name of the Individual Defendant or Fundsz or for accounts in which the Individual Defendant or Fundsz has a direct or indirect interest; and

    4.      Having any commodity interests traded on any Defendants' behalf.

G.    Defendants Early and Kingrey are preliminarily restrained and enjoined from:

    1.      Trading on or subject to the rules of any registered entity (as that term is defined by 7 U.S.C. § la(40)) for accounts held in the name of Fundsz or for accounts in which Fundsz has a direct or indirect interest;

    2.      Entering into any transactions involving "commodity interests" (as that term is defined in 17 C.F.R. § 1.3) for accounts held in the name of Fundsz or for accounts in which Fundsz has a direct or indirect interest;

    3.      Entering into any transactions involving digital assets for accounts held in the name of Fundsz or for accounts in which Fundsz has a direct or indirect interest; and

    4.      Having any commodity interests traded directly or indirectly on behalf of Fundsz.

## IV.    ASSET FREEZE

The Individual Defendants, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with him, including any successor thereof,

who receive actual notice of this Order by personal service or otherwise, are immediately restrained and enjoined, except as otherwise ordered by this Court, from directly or indirectly withdrawing, transferring, removing, dissipating or otherwise disposing of any assets, wherever located, including the Individual Defendants and Fundsz's funds, assets, including, but not limited to assets held in the names of any Defendant or Maxous, LLC, any other entity owned or controlled by any Defendant, or other property held outside the United States, in accordance with the Court's SRO and this Order.

At the request of the Receiver, the Individual Defendants and any other person who has possession, custody, or control of any of Defendants' funds, assets, or other property shall transfer possession of all funds, assets, or other property subject to this Order to the Receiver in accordance with the SRO and this Order.

The funds, assets, or other property affected by this Order shall include both existing funds, assets or other property, and funds, assets, or other property acquired after the effective date of this Order, except as provided otherwise in this Order.

## V. MAINTENANCE OF AND ACCESS TO ALL RECORDS RELATING TO THE BUSINESS ACTIVITIES AND BUSINESS AND PERSONAL FINANCES

A. The Individual Defendants are restrained from directly or indirectly destroying, altering, or disposing of, in any manner, any records that relate or refer to the business activities or business or personal finances of any Defendant.

B. Representatives of the CFTC shall, with twenty-four hours' notice, be allowed access to inspect the records that relate or refer to the business activities and business and personal finances of Defendants, including, but not limited to, both hard-copy documents and electronically stored information, wherever they may be situated and whether they are in the possession of an Individual Defendant or others; provided,

however, that nothing in this Order shall be interpreted to allow Plaintiff or the Receiver access to communications, records or documents that are privileged as to an Individual Defendant personally. To ensure preservation and facilitate meaningful inspection and review of records, the Individual Defendants shall allow representatives of the CFTC to make copies of said documents and electronically stored information, and if on-site copying of documents and electronically stored information is not practicable, representatives may make such copies off-site. After any such off-site copying, Plaintiff shall promptly return the original documents and devices upon which electronic information is stored.

C.  To further facilitate meaningful inspection and review, the Individual Defendants shall, to the extent not previously provided to or seized by the CFTC, or the Receiver, promptly provide the CFTC staff with:

1. the location of all records relating or referring to the business activities and business and personal finances of Defendants;

2. all identification numbers, account names, passwords, and other identifying information such as usernames, passwords, and wallet numbers or private keys for websites, cloud storage services, e-mail and smartphone accounts, servers, all accounts at any bank, financial institution, cryptocurrency exchange, or brokerage firm (including any introducing broker or futures commission merchant), and any cryptocurrency wallet owned, controlled or operated by the Individual Defendant, or to which the Individual Defendant has access; and

    3. all account names and passwords to, and the location, make, and model of, all computers and mobile electronic devices owned or used by the Individual Defendant in connection with his business activities and business and personal finances.

D. When inspecting records that are subject to this Order, including those contained on computers and other electronic devices, the CFTC shall undertake reasonable measures to prevent review of the Individual Defendants' privileged communications and privileged documents by the CFTC's attorneys and other staff who are part of the litigation team in this matter. Moreover, the Individual Defendants (or their counsel) shall promptly contact Plaintiff's counsel to assert any claims of privilege or other legal objection relating to the contents of any records that are subject to this Order and promptly cooperate with Plaintiff's counsel to develop reasonable protocols to isolate and prevent disclosure of claimed privileged materials to the CFTC's attorneys and other staff who are part of the litigation team in this matter. However, except with respect to the Individual Defendants' privileged communications and documents, nothing herein shall excuse the Individual Defendants from full and immediate compliance with this Court's Order permitting Plaintiff to inspect the books and records which relate to Defendants' business activities and their business and personal finances.

E. Nothing herein shall preclude Plaintiff from providing materials obtained from Defendants to any other government agency pursuant to a lawful access request by such agency.

**VI.    APPOINTMENT OF RECEIVER**

A.     Melanie Damian, previously appointed by the Court as Temporary Receiver pursuant to the SRO, is appointed as Receiver with the full powers of an equity receiver of the Receivership Defendants, and of all records, and all funds, properties, premises, accounts, income, now or hereafter due or owing to the Receivership Defendants, and other assets directly or indirectly owned, beneficially or otherwise, by the Receivership Defendants.  The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, managers, managing members, and general and limited partiers of the Receivership Defendants under applicable state and federal law, by the governing charters, by-laws, articles and agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959, 1692 and Fed R. Civ. P. 66.

B.     The Receiver shall further have the power to take control of the Fundsz.com website and domain, to manage that website and domain, and to sell that domain, and any entity that receives notice of this order in any manner (including by e-mail to any e-mail address, including but not limited to courtdisputes@godaddy.com) is required to (i) provide the Receiver with the Account Number and all log-in credentials (all usernames and passwords) within 24 hours of receipt of this Order; (ii) immediately ensure that no other users are allowed access to the account Fundsz.com unless expressly authorized by the Receiver or her authorized agents; (iii) take all acts necessary to ensure that Receiver may gain complete and exclusive control over the Fundsz.com website and to cooperate with the Receiver fully in such endeavor; (iv) turn over to the Receiver all files, data, e-mails, server logs, or other electronic communications or data (including any

metadata and encryption or decryption keys), in native format and preserving native folder structure, associated with the Fundsz.com domain, without the need for further service of a subpoena, within seven days of receipt of this Order; and (v) provide the Receiver with a complete access log of all accounts that accessed the account associated with the Fundsz.com domain, including but not limited to the date, time, username, password, and IP Address associated with such log in, and a complete list of any files that were accessed or modified while such user was logged in.

C.  The Receiver shall be the agent of this Court in acting as Receiver under this Order.

D.  The directions, authorizations, duties, and powers of the Temporary Receiver under the SRO are granted in full to the Receiver, Melanie Damian.

## VII.  COOPERATION WITH THE RECEIVER

The Individual Defendants and all other persons or entities served with a copy of this Order shall cooperate fully with and assist the Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercising the authority as provided in this Order; providing any password required to access any computer or electronic files in any medium; and discharging the responsibilities of the Receiver under this Order, and advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver; provided, however, that the Defendants and other persons bound by this Order are not required to provide the Receiver Individual Defendants' privileged communications or documents, and the Receiver shall take

11

reasonable measures to ensure privileged communications or documents are not taken from the Individual Defendants.

**VIII.   TURNING OVER PROPERTY TO THE RECEIVER**

Upon service of this Order, and to the extent Defendants have not done so pursuant to the SRO, the Individual Defendants (except when making a valid assertion of privilege), and any other person or entity served with a copy of this Order, shall immediately or within such time as permitted by the Receiver in writing, deliver over to the Receiver, including but not limited to:

A.   Possession and custody of all funds, assets, property, and all other assets, owned beneficially or otherwise, wherever situated, of the Receivership Defendants;

B.   Possession and custody of records of the Receivership Defendants in connection with their business activities and business and personal finances, including but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, cancelled checks, records of wire transfers, and check registers), client lists, title documents, and other records of the Receivership Defendants;

C.   Possession and custody of all funds and other assets belonging to members of the public now held by the Receivership Defendants;

D.   All keys, computer or cloud computing passwords, entry codes, combinations to locks, cryptocurrency addresses, and private keys necessary to gain or to secure access to any of the assets or records of the Receivership Defendants, including but not limited to, access to the Receivership Defendants' business premises, means of communication,

accounts, computer systems, mobile electronic devices, cryptocurrency wallets, or other property; and

E.     Information identifying the accounts, employees, properties or other assets or obligations of the Receivership Defendants.

## IX.    PERSONS BOUND BY THIS ORDER

This Order is binding on any person who receives actual notice of this Order by personal service or otherwise and is acting in the capacity of an officer, agent, servant, employee, or attorney of Defendants, or is in active concert or participation with the Defendants.

## X.    REASONABLE AND NECESSARY LIVING EXPENSES

A.     The Individual Defendants, through their attorneys, shall provide to Plaintiff and the Receiver a written request for approval of living expenses, with sufficient information to ascertain his financial condition.  This written request for approval of living expenses shall be made within ten days of the entry of this Order.  The Individual Defendants shall also submit to an asset deposition to permit the Plaintiff and the Receiver to determine the Individual Defendant's financial condition, including but not limited to funds, assets, and other tangible or real property, his compliance with the asset freeze order in the SRO and this Order, and his reasonable and necessary living expenses, unless the Receiver can otherwise be satisfied as the Individual Defendant's financial condition.

B.     Within five business days of receiving the information about the Individual Defendants' financial conditions, the parties will negotiate in good faith for a carve-out for reasonable and necessary living expenses—on a monthly basis—to be generated solely

from any prospective earnings, bonuses, and other after-acquired income from new employment as described herein.

C.     The Court will entertain an application for reasonable and necessary living expenses upon proper written submission an Individual Defendant.  A proper submission requires that the Individual Defendant file such application under oath with the Court and set forth in detail, fully substantiated by all relevant financial documentation, the amount of funds necessary to pay reasonable and necessary living expenses, a description of the expenses for which those funds are to be applied, a description of the assets sought to be used to pay such expenses, and a description of the derivation of such assets.

**XI.    RESTRICTED BUSINESS ACTIVITIES AND EMPLOYMENT**

A.     Only specific prospective earnings, bonuses, and other after-acquired income, salary, wages, commissions, dividends, draws, or other forms of compensation or passive income from any newfound employment or activity ("**New Income**") will be excluded from the restraints imposed by the Order for the limited purpose of covering the Individual Defendants' agreed-to reasonable living expenses pursuant to the process described above and subject to the restrictions in this Section.

B.     The Individual Defendants agree that they will not engage in any activity related to securities, commodities, or derivatives, including, but not limited to soliciting, receiving, or accepting any funds from any person or entity for the purpose of purchasing, selling, or otherwise investing in precious metals, securities, commodities, derivatives, virtual currency, binary options, or foreign currency or receive any income, salary, wages, commissions, dividends, draws, or other forms of compensation or passive income from any person or entity engaged in said activities.

C.      Within two days of securing any New Income, the Individual Defendant shall provide the name and address of the employer, person, or entity, as well as the name of a contact person and telephone number from its personnel office to Plaintiff and the Receiver.

D.      Within ten days of this Order, each Individual Defendant shall open a single new bank account in his or her name to deposit any New Income, and to withdraw such funds for reasonable and necessary living expenses as ordered by the Court. The Receiver shall be co-owner and have unfettered access to this new account. Within twenty-four hours of opening such a new bank account, the Individual Defendant shall provide complete information to the Receiver and Plaintiff about the account, including the name of the bank, address, telephone number, and account number.

E.      Any and all other bank accounts in the name of any Defendant shall remain subject to terms of the Order that prohibit Defendants from transferring, removing, dissipating, or otherwise disposing of any asset.

F.      All dispositions of funds from the new bank account authorized by this Order, until further order of the Court, shall also be subject to monitoring by the Receiver. The Receiver is authorized to obtain copies of any and all bank statements.

**XII.    STAY ON ACTIONS AGAINST THE RECEIVERSHIP DEFENDANTS**

Except by leave of the Court, during the pendency of the receivership ordered herein, the Individual Defendants and all other persons and entities are stayed from taking any action (other than the present action by the CFTC) to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the Receivership

Defendants, the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

A. Petitioning or assisting in the filing of a petition that would cause the Receivership Defendants to be placed in bankruptcy;

B. Commencing, prosecuting, litigating, or enforcing any suit or proceeding against any of the Receivership Defendants, or any of their subsidiaries or affiliates, except that such actions may be filed to toll any applicable statute of limitations;

C. Commencing, prosecuting, continuing, or entering any suit or proceeding in the name or on behalf of any of the Receivership Defendants, or any of their subsidiaries or affiliates;

D. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Receivership Defendants, or any of their subsidiaries or affiliates, or any property claimed by any of them, or attempting to foreclose, forfeit, alter, or terminate any of the Receivership Defendants' interests in property, including without limitation, the establishment, granting, or perfection of any security interest, whether such acts are part of a judicial proceeding or otherwise;

E. Using self-help or executing or issuing, or causing the execution or issuance of, any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Receivership Defendants, or any of their subsidiaries or affiliates, or the Receiver, or any agent of the Receiver; and

F.  Doing any act or thing whatsoever to interfere with the Receiver taking control, possession, or management of the property subject to the receivership, or to in any way interfere with the Receiver or to harass or interfere with the duties of the Receiver; or to interfere in any manner with the exclusive jurisdiction of this Court over the property and assets of the Receivership Defendants, or their subsidiaries or affiliates.

Provided, however, that nothing in this Section shall prohibit any federal or state law enforcement or regulatory authority from commencing or prosecuting an action against the Receivership Defendants. This Court shall retain jurisdiction over any action filed against the Receiver or her retained professionals based upon acts or omissions committed in their representative capacities.

### XIII. FORCE AND EFFECT

This Order shall remain in full force and effect until the entry of a final judgment adjudicating all the claims and all the parties' rights and liabilities unless sooner modified or dissolved.

**DONE AND ORDERED** in Orlando, Florida on August 23, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

17