UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

           Plaintiff,

v.                                        Case No.: 6:23-cv-1445-WWB-DCI

RENE LARRALDE, JUAN PABLO
VALCARCE, BRIAN EARLY, ALISHA
ANN KINGREY and FUNDSZ,

           Defendants.
                                            /

## ORDER

THIS CAUSE is before the Court on *sua sponte* review of the record. The Complaint (Doc. 1) is an impermissible shotgun pleading. As a general matter, "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. BellSouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)). "Shotgun pleadings wreak havoc on the judicial system" and "divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (quotation omitted). As such, "[w]hen presented with a shotgun complaint, the district court should order repleading *sua sponte*." *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009) (per curiam); *see also Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (noting that

shotgun pleadings drain judicial resources, and the district should act *sua sponte* to define the issues at the earliest possible stage).

The Eleventh Circuit has defined four types of shotgun pleadings. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). The second most common type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

At the least, Plaintiff's Complaint falls into the third and fourth categories. The Complaint asserts a single count against all Defendants for violations of 7 U.S.C. § 9(1) and 17 C.F.R. § 180.1(a)(1)–(3). As set forth in the Complaint, "[e]ach use or employment or attempted use or employment of any manipulative device, scheme, or artifice to defraud; untrue or misleading statement of fact, omission of material fact necessary to make statements not untrue or misleading; or act of engaging, or attempting to engage, in acts, practices or courses of business that operated or would have operated as a fraud or deceit on participants and potential participants during the Relevant Period is alleged

as a separate and distinct violation of 7 U.S.C. § 9(1) and 17 C.F.R. § 180.1(a)(1)–(3)." (Doc. 1, ¶ 57). However, to the extent Plaintiff alleges the applicable statute and implementing regulation were violated in multiple ways, those distinct violations must be alleged as separate counts. Additionally, the Complaint frequently refers to four individuals and one entity collectively as "Defendants," but it appears Plaintiff alleges different theories of liability as to certain Defendants. (*See* Doc. 1, ¶¶ 55–56). This is an impermissible use of group pleading. *See Diamond Resorts U.S. Collection Dev., LLC v. Sumday Vacations, LLC*, No. 6:19-cv-982-Orl, 2020 WL 3250130, at *2 (M.D. Fla. Feb. 21, 2020) (explaining that group pleading is acceptable in limited circumstances, such as when "the role of each defendant is not unique and determinative of the defendant's liability"). Therefore, the Complaint will be dismissed as a shotgun pleading.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.
2. Plaintiff may file an amended complaint on or before **September 8, 2023**, to correct the deficiencies noted herein. Failure to timely file an amended pleading in compliance with this Order may result in dismissal without further notice.

**DONE AND ORDERED** in Orlando, Florida on August 31, 2023.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

3

Copies furnished to:

Counsel of Record
Unrepresented Parties