UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

        Plaintiff,

v.                              Case No: 6:23-cv-1445-WWB-DCI

RENE LARRALDE, JUAN PABLO
VALCARCE, BRIAN EARLY, ALISHA
ANN KINGREY and FUNDSZ,

        Defendants.

**ORDER**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | Receiver's First Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals (Doc. 63) |
| **FILED:** | November 7, 2023 |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Pending before the Court is Receiver Melanie E. Damian's First Application for an Order Approving and Authorizing Payment and Fees and Expenses of Receiver and Her Professionals. Doc. 63 (the Motion). The Receiver seeks Court "approval of all of the fees and costs that the Receiver and her professionals incurred from August 2, 2023 through September 30, 2023 (the "Application Period")" and "authorization to immediately pay all fees and costs from funds held by the Receivership Estate." *Id*. at 1. The Receiver represents that the Receiver and her counsel at

Damian Valori Culmo LLP "collectively worked approximately 250.9 hours on the matters detailed in the Receiver's [the Initial] Status Report." *Id*. at 2. The Receiver asserts that the Receiver and her counsel incurred $80,766 in fees at a blended rate of $321.91 and $5,082.18 in costs. *Id*. As such, the Receiver seeks authorization to pay $85,848.18 with funds from the receivership account she maintains for the receivership estate. *Id*. at 5.

The Court has already determined that the Receiver and counsel to the Receiver are entitled to payment of a reasonable fee and reimbursement of actual out-of-pocket expenses. This is memorialized in the Court's Order appointing the Receiver, which provides that:

> The Temporary Receiver and all personnel hired by the Temporary Receiver as herein authorized, including counsel to the Temporary Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them for those services authorized by this Order that when rendered were: (1) reasonably likely to benefit the Receivership Estate; or (2) necessary to the administration of the Receivership Estate.
>
> However, the Temporary Receiver and any personnel hired by the Temporary Receiver shall not be compensated or reimbursed by, or otherwise be entitled to, any funds from the Court or the CFTC. The Temporary Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than ninety days after the date of this Order and subsequent requests filed quarterly thereafter. The requests for compensation shall itemize the time and nature of services rendered by the Temporary Receiver and all personnel hired by the Temporary Receiver.

Doc. 11 at 16-17.

Even so, the Motion is due to be denied because it is insufficient. Courts are required to utilize the lodestar approach to determine reasonable compensation. *SEC v. Aquacell Batteries, Inc.*, 2008 WL 276026, at *3 (M.D. Fla. Jan. 31, 2008). The lodestar figure is reached by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted). The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable.

*See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citation omitted); *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1]

While the Receiver summarily concludes that the fees and costs are reasonable, the Receiver does not address the lodestar method, the *Johnson* factors, or cite to any authority to support the request for relief. A party may satisfy its burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." *Chemische Fabrik Budenheim KG v. Bavaria Corp. Intern.*, 2010 WL 98991, at *4 (M.D. Fla. Jan. 6, 2010) (citing *Norman*, 836 F.2d at 1299). The Receiver has done neither. Instead, the Receiver has attached an invoice delineating the hours worked and assigned rates for six individuals at Damian Valori Culmo, LLP, but that alone does not allow the Court to make an adequate reasonableness determination.[2]

---

[1] In determining if the requested rate is reasonable, the Court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience. The *Johnson* factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. The Eleventh Circuit has subsequently explained that "district courts may, but are not required to, consider [the *Johnson*] factors since many 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 801 (11th Cir. 2012) (quoting *ADA v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006)).

[2] The invoice also does not clearly reflect who did the work. The Receiver represents to the Court that the Receiver and counsel "collectively worked approximately 250.9" and the invoice reflects that total. Doc. 63-2 at 34. The total hours, however, were apparently done by both attorneys and paralegals. On the invoice, there is a "Attorney/Paralegal Summary" and counsel includes names and the corresponding initials but there is no specific differentiation between attorneys or

Also, the Receiver provides no justification for the use of the blended rate as the Receiver does not even address her hourly rate within the Motion. Even though the attached invoice reflects that her rate is $395.00, she provides no explanation as to how she arrived at $321.91 or why the Court should permit the blended rate based on the relevant law. *See* Doc. 63.

Further, the Court is not inclined to find that the collective 250.9 hours billed is reasonable through a mere reference to the attached invoice. By way of example as to why doing so would be problematic, the invoice reflects that Lisa Fazzah-Diaz worked 14.7 hours at $100.00. Doc. 63-2. Assuming this individual is a paralegal, courts only reimburse work of paralegals and law clerks when such individuals perform work traditionally done by attorneys. *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (concluding that a district court properly reimbursed the time spent by paralegals and law clerks where the work was that normally done by an attorney). The invoice shows several entries for "update spreadsheet" which—on this record—does not appear to be a recoverable task. *See* Doc. 63-2 at 2, 3, 4, 7, 9. The point is, with no lodestar analysis the Court is not persuaded that the reported hours are reasonable.

Additionally, to the extent the Receiver refers the Court to "the worked performed" in the Initial Status Report to show that the hours expended are reasonable (*See* Doc. 63 at 1), such a reference is insufficient. The Court will not revisit previous filings to find support for the Motion. *See Fennell v. Navient Sols., LLC*, ("The Court will not refer back to previous filings to comprehend Plaintiff's position. This type of reference violates Local Rule 3.01(a).").

---

paralegals. It seems that the paralegals are identified with lower-case initials, but the Court should not be left to guess. *See id.* Also, even though Melanie Damian and Kenneth Dante Murena have both appeared in this case, Adriana Pavon and Casandra Murena, who billed at rates of $300.00 and $375.00 respectively, have not. Doc. 63-2 at 34. Assuming these individuals are attorneys, the Court has no information on their experience.

Finally, counsel states that on November 2, 2023, counsel provided the invoices attached to the Motion to Defendants Early and Kingrey and requested that they confirm whether they have objections to the fees and costs reflected in those invoices. Doc. 63 at 5. Counsel states that Defendants Early and Kingrey have not responded to counsel as of the filing of the Motion. *Id*. at 5. While there is a pending motion for Clerk's entry of default against Defendant Kingrey, Local Rule 3.01(g)(3) requires counsel to supplement the Motion upon unavailability of a party. Counsel has not done so with respect to either Defendants Early or Kingrey.

In sum, since the Receiver provides no basis for the relief sought and the Motion is wholly inadequate under the Local Rules, the Receiver has not met her burden of establishing that the request is "reasonable" as she presumptively represents.

Accordingly, it is **ORDERED** that the Motion (Doc. 63) is **DENIED without prejudice**.

Ordered in Orlando, Florida on January 11, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy