UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

      Plaintiff,

v.                                      Case No: 6:23-cv-1445-WWB-DCI

DEFENDANT LARRALDE, JUAN
PABLO VALCARCE, BRIAN EARLY,
ALISHA ANN KINGREY and FUNDSZ,

      Defendants.

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Third Party Rachel Larralde's Unopposed Motion for Substitution and to Set Deadline to Respond to Plaintiff's Amended Complaint (Doc. 73)** |
| **FILED:** | **January 11, 2024** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

The Commodity Futures Trading Commission (Plaintiff) claims that Rene Larralde (Defendant Larralde) along with the other Defendants fraudulently solicited, accepted, and pooled "potentially millions of dollars of contributions from, as Claimed by Defendants, more than 14,000 members of the general public" to trade cryptocurrencies and precious metals. Doc. 57 at 1. Litigation in the matter ensued and on August 11, 2023, Matthew M. Fischer (Fischer) appeared on behalf of Defendant Larralde. Doc. 20. On October 14, 2023, Fischer filed a Notice of

Suggestion of Death pursuant to Federal Rule of Civil Procedure 25 and states that Defendant Larralde passed away on September 6, 2023. Doc. 60 (the Notice).

Pending before the Court is Third Party Rachel Larralde's Unopposed Motion for Substitution and to Set Deadline to Respond to Plaintiff's Amended Complaint. Doc. 73 (the Motion). Rachel Larralde, through Fischer, contends that Defendant Larralde passed away and she "now seeks to be substituted in the place of her late husband as personal representative of his estate." Doc. 73 at 2. Rachel Larralde includes a request for 14 days from entry of an order of substitution to respond to the Amended Complaint. *Id*.

While Plaintiff does not oppose the request for relief (*see id*. at 2), the Court finds that the Motion is due to be denied as insufficient. Rule 25 provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by and against the decedent must be dismissed.

Fed.R.Civ.P. 25(a)(1).

First, Rachel Larralde requests substitution as "personal representative" of the estate but admits that she has not received such a designation. Specifically, Rachel Larralde states that on December 20, 2023, she filed a petition for administration of Defendant Larralde's estate but is still awaiting the order of appointment. Doc. 73 at 1. Accordingly, relief under Rule 25 for substitution as Defendant Larralde's "personal representative" seems premature.

Second, to the extent Rachel Larralde seeks substitution in the capacity as the decedent's "successor," the Court finds that she does not adequately address the issue. Rachel Larralde asserts that although she has not been formally appointed, "an appropriate representative or successor may be substituted." *Id*., citing *Metcalfe v. Lee*, 952 So.2d 624, 628 (Fla. 4th DCA 2007). Despite her

pending petition for administration, Rachel Larralde claims that she is the "surviving spouse" and pursuant to Florida Statutes section 732.102, she "is entitled to [Defendant Larralde's] intestate estate." Doc. 73 at 2. As the "surviving spouse," Rachel Larralde summarily concludes that she is an appropriate substituting party. *Id*.

The Court is not convinced, as Rachel Larralde's perfunctory contention that she is a proper party for substitution because she is entitled to the intestate estate means nothing. Not only is there no evidence to support the statement regarding the intestate status, but there is also no citation to law standing for the proposition that a "surviving spouse" under Florida law automatically equals "successor" for Rule 25 purposes. The Court notes that Rachel Larralde attaches to the Motion her husband's death certificate, and it does in fact reflect that "Rachel Renee Tackett" is the surviving spouse. Doc. 73 at 5. Even so, assuming Rachel Larralde and Tackett are the same individual, she includes no authority demonstrating that a "surviving spouse" qualifies under Rule 25.

Further, *Metcalfe*, the only case Rachel Larralde cites, is a Florida state case which dealt with Florida Rule of Civil Procedure 1.260 and not Rule 25.[1] Assuming a*rguendo* Rene Larralde

---

[1] In *Metcalfe*, the plaintiff argued that Florida law only requires that the motion for substitution be made within 90 days after a statement noting the death is filed, not that the actual appointment of the personal representative and the substitution occur within 90 days. 952 So.2d at 624. With respect to dismissal, *Metcalfe* noted that the Fifth DCA rejected the argument that Rule 1.260 requires the formal appointment of a representative on behalf of the estate within 90 days. *Id*. at 629 (citing *Eusepi v. Magruder Eye Inst.*, 937 So.2d 795, 798 (Fla. 5th DCA 2006)). The court ultimately found that the motion for substitution was timely. *Id*. at 629-30.

The *Eusepi* decision that *Metcalfe* relied upon, however, goes onto reflect that "some federal courts construing Federal Rule of Civil Procedure 25, the counterpart to Rule 1.260, have said that where the estate is not in existence at the time the court considers the motion [for substitution], the court should not enter an order granting the motion [for substitution]." 937 So.2d at 798 (citing *Gronowicz v. Leonard*, 109 F.R.D. 624 (S.D.N.Y. 1986)).

- 3 -

qualifies as a "surviving spouse" under Florida law, there is still nothing before the Court, binding or persuasive, that addresses the propriety of a motion for substitution under Rule 25 when the same person has filed a petition for appointment and it remains outstanding.  Perhaps it is of no event because Rule 25 allows for a successor *or* representative to move for relief, but with zero analysis under Rule 25, Rachel Larralde has not met her burden.

In sum, the Motion is due to be denied because it does not adequately demonstrate a basis for relief under Rule 25.  Without any discussion of the applicable law, the Court is not persuaded that the simple act of filing the petition is sufficient to permit substitution as "personal representative" under Rule 25 or that Rachel Larralde may proceed as "successor" because Florida law says she is a "surviving spouse" even though her petition is pending in the state matter.

Finally, the Court notes that perhaps Fischer filed the Motion because of the 90-day clock under Rule 25, but it appears that Fischer improperly filed the Notice.  Pursuant to Rule 25, a valid suggestion of death on the record triggers the 90-day deadline.  *Owner-Operator Indep. Drivers Ass'n v. Landstar Sys.*, 2012 WL 6824152 (M.D. Fla. Jul. 24, 2012).  "While Rule 25(a) does not explicitly specify who may properly serve the suggestion of death, courts have construed the rule so as to allow the suggestion to be filed by any of the same persons who are permitted to move for substitution.  Thus, a suggestion of death is ineffective under Rule 25(a) unless it is filed by either a party, or by a representative of the deceased." *Schmidt v. Merrill Lynch Trust Co.*, 2008 WL 2694891, at *2 (M.D. Fla. June 30, 2008).  The issue is that the deceased party's counsel is not a representative with authority to file a suggestion of death under Rule 25 because the agency to act

---

The Fifth DCA's point highlights the Court's concerns regarding the status of the application and Rachel Larralde's ability to bring a Rule 25 motion as "personal representative" or otherwise until the petition for administration is disposed.

terminates upon the client's death. *Id*. (citations omitted). As such, a suggestion of death filed by counsel without authority does not trigger the 90-day period under the rule. *Id*.[2]

Here, Fischer, the deceased party's counsel, filed the Notice. At that time, there was nothing on the record to demonstrate the authority for counsel to do so and, therefore, the Notice appears improper under the Rules of Procedure. Accordingly, it seems that it is due to be stricken form the record.

Based on the foregoing, it is **ORDERED** that:

1. the Motion (Doc. 73) is **DENIED without prejudice**; and

2. **on or before February 7, 2024**, Fischer is directed to show cause why the Notice (Doc. 60) should not be stricken from the record.

**DONE AND ORDERED** in Orlando, Florida on January 23, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned notes that the court in *Schmidt* alternatively found that the suggestion of death did not trigger the 90-day period because it was never personally served on the personal representative of the estate. 2008 U.S. Dist. LEXIS, at *8.