UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**COMMODITY FUTURES TRADING COMMISSION,**

      Plaintiff,

v.     Case No: 6:23-cv-1445-WWB-DCI

**RENE LARRALDE, JUAN PABLO VALCARCE, BRIAN EARLY, ALISHA ANN KINGREY and FUNDSZ,**

      Defendants.

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Third Party Rachel Larralde's Unopposed Motion for Substitution and to Set Deadline to Respond to Plaintiff's Amended Complaint (Doc. 88)** |
| **FILED:** | May 2, 2024 |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

On September 29, 2023, Plaintiff filed an Amended Complaint after the Court dismissed the initial complaint without prejudice. Doc. 57. Defendant Rene Larralde (Defendant Larralde) did not file an answer or otherwise respond to the Amended Complaint, but on October 14, 2023, Matthew M. Fischer, counsel for Defendant Larralde, filed a Notice of Suggestion of Death pursuant to Federal Rule of Civil Procedure 25 and advised the Court that Defendant Larralde passed away on September 6, 2023. Doc. 60 (the Notice). Third party Rachel Larralde then filed,

through Attorney Fischer, an unopposed motion for substitution. Doc. 73. Rachel Larralde requested substitution as "personal representative" of Defendant Larralde's estate but admitted that she had not yet received such a designation. *Id*.

On January 23, 2024, the Court denied the motion as insufficient, and noted that it appeared that Attorney Fischer improperly filed the notice as a deceased party's counsel is no longer a representative with authority to file a suggestion of death under Rule 25. Doc. 78. Accordingly, the Court directed Attorney Fischer to show cause why the Notice should not be stricken from the record. *Id*. Attorney Fischer responded that there was no opposition to the Court striking the Notice and, therefore, the Court struck the filing. Docs. 80, 81.

Pending before the Court is Rachel Larralde's Second Unopposed Motion for Substitution and to set Deadline to Respond to Plaintiff's Amended Complaint pursuant to Rule 25. Doc. 88 (the Motion). Rule 25 provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by and against the decent must be dismissed.

Fed.R.Civ.P. 25(a)(1).

Rachel Larralde still claims to be the personal representative of Defendant Larralde's estate but now represents that the probate court has entered an order of appointment. Doc. 88 at 1. In support of the Motion, Rachel Larralde submits her own declaration with an attached death certificate and the order appointing her as personal representative of the estate in *In re Estate of Rene Larralde*, Case No. 05-2023-CP-59606. *Id*. at 5-7. Rachel Larralde also requests that the Court give her 20 days from the entry of an order of substitution to respond to the Amended Complaint. *Id*. at 2. Rachel Larralde certifies that Plaintiff does not oppose the request. *Id*. at 2.

Upon due consideration, the Court finds that Rachel Larralde's requests are due to be granted. As an initial matter, the Court notes that the Motion is timely. "If the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). "In the absence of a legally sufficient statement of death on the record, the 90 day deadline in Rule 25(a) does not begin to run." *Schmidt v. Merrill Lynch Trust Co.*, 2008 WL 2694891, at *2 (M.D. Fla. 2008). Here, the Court struck the Notice and, therefore, there was no *sufficient* statement of death on the record. As such, the Court finds that Attorney Fischer's filing, later stricken, did not start the clock.[1]

As to the substance of Rachel Larralde's request for substitution, the Court also finds that it is proper. Rule 25 permits substitution of a proper party upon a death if the claim is not extinguished. Fed.R.Civ.P. 25(a)(1). "To determine who is a proper party, courts consider applicable state law." *Logan v. Smith*, 2016 WL 9115544 (M.D. Fla. February 8, 2016) (citing *Hess v. Eddy*, 689 F.2d 977, 980 (11th Cir. 1982); *Wilson v. Garcia*, 471 U.S. 261 (1985)). "In Florida, a legal representative of a decedent is a proper party for substitution." *Id*. (citing *Boyer v. Boyer*, 182 So.222, 223 (Fla. 1938)). "If a personal representative has been appointed to represent the interests of a decedent, then the personal representative is a proper party for substitution." *Id*. (citing *Metcalfe v. Lee*, 952 So.2d 624, 630 (Fla. 4th DCA 2007); *Schaeffler v. Deych*, 38 So.3d 796, 800 (Fla. 4th DCA 2010)).

Here, Rachel Larralde declares on the record that Defendant Larralde is deceased and has provided the death certificate in support of that assertion. Doc. 88 at 5, 6. She has also adequately

---

[1] Also, it appears that it is of no consequence that Rachel Larralde did not file a statement noting the death before filing the Motion. "'Nothing in Rule 25 requires that anyone is required to make a statement noting the death.'" *Owner-Operator Indep. Drivers Ass'n v. Landstar Sys.*, 2012 WL 6824152, at *9 (M.D. Fla. July 24, 2012) (quoting 6 Moore's Federal Practice §25.13[1] (3d ed. 2012)).

demonstrated that she has been appointed personal representative of the estate. *Id*. at 7. Further, there is nothing before the Court to represent that the claim has been extinguished. As such, the Court finds that she is a proper party for substitution.

Finally, taking into consideration the date of Defendant Larralde's death—a few weeks before Plaintiff filed the Amended Complaint—the Court finds that it is appropriate to grant Plaintiff's request for 20 days to file a response.

Based on the reasons stated at the hearing, it is **ORDERED** that:

1. the Motion (Doc. 88) is **GRANTED**;

2. the Clerk is directed to amend the case caption to substitute Rachel Larralde, personal representative of the estate of Rene Larralde, as the named Defendant in this case; and

3. Rachel Larralde, personal representative of the estate of Rene Larralde is directed to respond to the Amended Complaint within 20 days from the date of this Order.

**DONE AND ORDERED** in Orlando, Florida on May 15, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties