UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**COMMODITY FUTURES TRADING COMMISSION,**

        Plaintiff,

v.   Case No: 6:23-cv-1445-WWB-DCI

**JUAN PABLO VALCARCE, BRIAN EARLY, ALISHA ANN KINGREY, FUNDSZ and RACHEL LARRALDE,**

        Defendants.

## ORDER AND ORDER TO SHOW CAUSE

By Order dated November 4, 2024, the Court granted Plaintiff's Second Short Form Motion to Compel Defendants Brian Early (Early) and Alisha Ann Kingrey (Kingrey) to comply with their discovery obligations. Doc. 136. The Court ordered Defendants Early and Kingrey to provide Plaintiff with their initial disclosures and responses to Plaintiff's First Set of Interrogatories and First Request for Production of Documents without objections on or before November 18, 2024. *Id*. at 2.

Pending before the Court is Plaintiff's Short Form Motion for Rule 37 Sanctions. Doc. 137 (the Motion). Plaintiff contends that Defendants Early and Kingrey have not provided any response and, therefore, have failed to comply with the Court's Order. *Id*. at 1 to 2. As such, Plaintiff requests that the Court strike Defendants Early and Kingrey's Answers pursuant to

Federal Rule of Civil Procedure 37(b)(2)(A)(iii). *Id*.[1] Plaintiff also requests that the Court direct the Clerk to enter defaults. *Id*.

Rule 37(b)(2)(A) provides that, if a party fails to obey an order to provide discovery, "the court where the action is pending may issue further just orders." Such orders may include striking pleadings in whole or in part. Fed.R.Civ.P. 37(b)(2)(A)(iii). Also, instead of or in addition to the sanction, "the court must order the disobedient party. . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C).

Here, Defendants Early and Kingrey have not responded to the Motion and the time for doing so has elapsed. As stated in the Court's November 4, 2024 Order, the Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion. Doc. 136 (citing Local Rule 3.01(c); *Foster v. The Coca-Cola Co.*, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015)).[2] Accordingly, the Court deems Plaintiff's latest request for sanctions to be unopposed.

Upon due consideration, it is **ORDERED** that the Motion (Doc. 137) is **GRANTED** to the extent that **on or before January 23, 2025**, Defendants Early and Kingrey shall show cause why

---

[1] Alternatively, Plaintiff moves to for the Court to hold Defendants Early and Kingrey in contempt. Doc. 137 at 2 to 3.

[2] Defendants Early and Kingrey also did not file a response to Plaintiff's Second Short Form Motion to Compel Defendants Early and Kingrey to comply with their discovery obligations. *See* Doc. 136. Further, Plaintiff has filed a Supplement to the Motion regarding the Local Rule 3.01(g) Certificate and states that Defendants Early and Kingrey have not responded to Plaintiff's attempts to confer. Doc. 138. Also, Defendant Early recently filed a letter to the Clerk of Court stating that "[t]his matter, and anything related to this court cause with Brian Early, is **now settled and closed** per the court's lack of lawful authority **with Extreme Prejudice**." Doc. 139 at 2 (emphasis in original). Based on the foregoing, it appears that Defendant Early and possibly Defendant Kingrey are no longer participating in litigation.

the Court should not strike their Answers, direct the Clerk to enter default, and award Plaintiff reasonable expenses.

**Defendants Early's and Kingery's failure to comply with this Order within the allotted time may result in the imposition of sanctions without further notice.**

**ORDERED** in Orlando, Florida on January 10, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE