**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

COMMODITY FUTURES TRADING
COMMISSION,

               Plaintiff,

v.                                          Case No.: 6:23-cv-1445-WWB-DCI

JUAN PABLO VALCARCE, BRIAN
EARLY, ALISHA ANN KINGREY,
FUNDSZ and RACHEL LARRALDE,

               Defendants.

_____/

## <u>ORDER</u>

THIS CAUSE is before the Court on Receiver's Motion to Approve Claims Process and Distribution Plan and for Authorization to Pay Claims Agent Initial Retainer (Doc. 161). United States Magistrate Judge Daniel C. Irick issued a Report and Recommendation (Doc. 172), in which he recommends that the Motion be granted in part.

After an independent de novo review of the record, and noting that no objections were timely filed, this Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 172) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Receiver's Motion to Approve Claims Process and Distribution Plan and for Authorization to Pay Claims Agent Initial Retainer (Doc. 161) is **GRANTED in part** to the extent provided herein and **DENIED** in all other respects.

3.  The form of Legal Notice of Claims Process (Doc. 161-2) and Proof of Claim and Release Form (Doc. 161-3) are **APPROVED**.

4.  The Receiver is authorized to implement the Claims Process as set forth in the in the following Order:

## ORDER APPROVING CLAIMS PROCESS AND DISTRIBUTION PLAN AND AUTHORIZING RECEIVER TO PAY CLAIMS AGENT INITIAL RETAINER

I.    **NOTICE OF CLAIMS PROCESS**

A.  **Retention of Claims Agent.**  The Court authorizes the Receiver to pay an initial retainer of $5,000 to Stretto, Inc. ("Stretto") to assist her as Claims Agent in the administration of the noticing and claims process as set forth in the Proposal and Services Agreement attached as Exhibit A to the Receiver's Motion.  (*See* Doc. 161-1).  The Receiver shall review and approve the invoices submitted by Stretto before submitting them to the Court for consideration. Stretto shall be paid from the Receivership Estate only as authorized by the Court.

B.  **Notice to Potential Claimants.**  The Receiver shall notify each known potential claimant of the Claims Process, the Claims Bar Date, and their right to submit a Claim Form as provided herein by sending the Notice in a form substantially similar to Exhibit B to the Receiver's Motion.  (*See* Doc. 161-2). The Notice shall be sent by email to the last known email address of all known potential claimants, by no later than 20 days after the date of this Order.  The Notice shall include a link to the online portal for completion and submission of

the Claim Form.  The Receiver will also post the Notice, a link to the online claims portal, a copy of this Order, and any other information the Receiver deems appropriate on the receivership website.

## II.   FILING OF CLAIMS

A. **Filing Claims.**  Any claimant asserting a claim against Fundsz, the Receiver, or the Receivership Estate, regardless of whether that claim has been acknowledged by the Receiver, shall file with the Receiver's Claims Agent a Claim Form on or before the Claims Bar Date.  The Claim Form shall be deemed filed on the date it is received by the Receiver's Claims Agent.  The Claim Form shall be submitted through the online claims portal on a form substantially similar to Exhibit C to the Receiver's Motion as approved by the Court (*see* Doc. 161-3), and shall contain all of the information requested in the form and documentation supporting the stated claim amount.

B. **Place to File Claims.**  All Proofs of Claims shall be submitted online at https://cases.stretto.com/fundszclaim with supporting documents evidencing the claim amount, including but not limited to cryptocurrency receipts and Fundsz account statements and/or screenshots.  Claimants unable to submit a Claim Form using the online claims portal may print the Claim Form and complete and submit it with supporting documents by mail postage prepaid to: Fundsz Receivership Claims Processing c/o Stretto, 410 Exchange, Ste. 100, Irvine, CA 92602.

C. **Prohibition Against Filing Claims with Court.**  No Claim Form shall be filed with the Court, and any such Claim Form so filed shall not be considered properly filed as required under this Order.

D. **Supporting Documentation.**  Each Claim Form shall include as an attachment all documentation supporting the basis for the claim and the claim amount. Original documents should not be mailed with the Claim Form.  If a supporting document is not available, the claimant must attach an explanation of why the document is not available.

E. **Processing of Claims.**  Stretto shall collect and record all submitted Claim Forms on a claims register.  Stretto will conduct a preliminary review of the Claim Forms, determine whether such claims lack supporting documents, and request such documents from claimants.  Stretto shall also make an initial calculation of the Allowed Claim Amount and/or determine whether the claim should be an Allowed Claim.

III.    **THE CLAIMS DETERMINATIONS**

A. **Receiver's Initial Determinations of Claims.**    The Receiver, with the assistance of her Claims Agent, will make an Initial Determination as to the amount, if any, to be allowed for each claim.  The claim of an investor or creditor will be an Allowed Claim, such that the investor or creditor will be entitled to receive a distribution from the Fundsz Recovery Fund based on that investor's loss of principal investment or the value of the goods or services or the amount of the loan provided by the creditor, provided that the investor or creditor

sufficiently demonstrates to the satisfaction of the Receiver through documentation and/or sworn statements, among other things, the following:

1. that such investor transferred funds in connection with an investment in Fundsz and/or such creditor provided goods and/or services or a loan directly to Fundsz;

2. that such investor or creditor (a) was not a member or insider of any Receivership Defendant, (b) was not a member or insider of any corporate entity owned in full or in part by a Receivership Defendant, and (c) did not knowingly assist any Receivership Defendant to effectuate, perpetuate, or promote any of Receivership Defendants' investment scheme(s) or have knowledge of its fraudulent nature of such scheme at the time of the investment, loan, or other transaction underlying the claim; AND

3. that the total amount that such investor transferred to Fundsz, or value of the goods and/or services or the loan provided by the creditor exceeds the total amount that Receivership Defendants transferred back or paid to such investor or creditor.

The Receiver may consider other factors in determining whether a claim is an Allowed Claim, in the Receiver's sole discretion. If an investor or creditor cannot prove all three of the foregoing factors to the Receiver's satisfaction, that claimant's claim may be disallowed, and such investor or creditor will receive no distribution.

B. **Calculation of Allowed Claim Amounts.** If an investor or creditor makes the requisite showing regarding his or her claim and the Receiver determines that such claim is an Allowed Claim, the Receiver will calculate the Allowed Claim Amount by subtracting the total amount of all transfers that such investor or creditor received from Receivership Defendants and/or any entity owned in part or wholly by a Receivership Defendant from the total amount of transfers that such investor made to Receivership Defendants or from the total amount that such creditor claims it is owed, irrespective of the success or failure of the particular investment or terms providing for interest or fees in any agreement underlying the debt. Investors and creditors with Allowed Claims will only be entitled to receive a pro rata distribution based on the net loss from their investment or the principal amount owed to the creditor. For purposes of this Claims Process, to determine the value of the cryptocurrency balances in investors' Fundsz accounts, the Receiver will use the U.S. Dollar valuation provided in the last accounting prepared by Rene Larralde for the Fundsz accounts. Use of a valuation for the cryptocurrency on the same date for all investors will provide the most equitable calculation of investor net losses. The Receiver will not include within her calculation of a claimant's Allowed Claim or distribution any interest or "profit" that was promised to such investor or creditor. Creditors with an Allowed Claim will only receive a distribution based upon the principal or net amount owed; no interest, late fees, or penalties will be allowed.

C. **Notice of Initial Determinations of Claims.** To the extent the Receiver decides to reject a claim in whole or in part, the Receiver, with Stretto's

assistance, will send the claimant a letter via email setting forth the Receiver's Initial Determination and explaining the reasons a claim has been rejected or not accepted in the full amount of the claim, and the classification of the claim. The letter to claimants will also state the deadline to object to the Receiver's Initial Determination. The claimants would then have an opportunity to object to the Receiver's Initial Determination by submitting an objection through the online claims portal, or by U.S. mail to Fundsz Receivership Claims Processing c/o Stretto, 410 Exchange, Ste. 100, Irvine, CA 92602.

D. **Receiver's Final Determinations of Claims.** The Receiver will seek to resolve claimants' objections to the Initial Determinations, which may result in the revision of the Receiver's Initial Determination of a claim and issuance of the Receiver's Final Determination of the claim. The Receiver will provide her Final Determination of Allowed Claim Amount by email to each claimant that objected to the Initial Determination by no later than 30 days after the claimant submits its objection to the Receiver.

E. **Court's Final Adjudication of Claims.** A claimant may appeal the Receiver's Final Determination to this Court for final adjudication by no later than 20 days after the Receiver sends the claimant her Final Determination by email. The Receiver will respond in writing to any appeal submitted by a claimant to the Court by no later than 15 days after the appeal is filed with the Court. The Court shall have sole jurisdiction and serve as the exclusive venue to consider the appeal of any claimant who objects to any part of the Receiver's Final Determination. This Court's determination on a claimant's appeal is final for all

purposes.   There  shall  be  no  further  appeal  of  such  determination  or proceedings.

F. **Proposed Distribution Plan.**  Upon completion of the Claims Process, by no later than 30 days after the Court enters an Order regarding all pending appeals of the Receiver's Final Determinations, the Receiver shall submit to the Court for  approval  all  Final  Determinations  of  Allowed  Claims  and  the  amount proposed to be distributed to each such claimant holding an Allowed Claim on a pro rata basis.

G. **Modification of the Claims Process.**   The Receiver is not authorized to modify, without further order of this Court, the Claims Process or the approved forms.   The  Receiver  shall,  as  necessary  to  complete  the  objectives  of  the Claims Process consistent with this Order, file an appropriate motion seeking such modifications.

**DONE AND ORDERED** in Orlando, Florida on October 23, 2025.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party