UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RACHEL LARRALDE as Personal Representative of the Estate of Rene Larralde, JUAN PABLO VALCARCE, BRIAN EARLY, ALISHA ANN KINGREY, and FUNDSZ,<br><br>Defendants. | Case No: 6:23-cv-01445-AGM-DCI |

**UNOPPOSED MOTION TO VOLUNTARILY DISMISS
DEFENDANT FUNDSZ AND MEMORANDUM IN SUPPORT**

Plaintiff Commodity Futures Trading Commission ("CFTC"), pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2), hereby moves the Court to dismiss Defendant Fundsz.  Fundsz is not a separate legal entity, has no assets, and was never served with process in this litigation.  Further, no party will suffer prejudice from its dismissal.  Accordingly, the CFTC respectfully requests the

Court grant this unopposed Motion and issue an order dismissing Defendant Fundsz from this action without prejudice.[1]

## MEMORANDUM IN SUPPORT

In further support of the CFTC's Unopposed Motion to Voluntarily Dismiss Defendant Fundsz, the CFTC states as follows:

### I.    Relevant Procedural History and Facts

The CFTC filed this action on July 31, 2023, against Rene Larralde, Juan Pablo Valcarce, Brian Early, and Alisha Ann Kingrey (the "individual Defendants"), and the unincorporated association Fundsz, which the individual Defendants operated, furthered, and/or controlled.  *See* Complaint (Doc. 1).  In this action, the CFTC alleged violations of the Commodity Exchange Act, 7 U.S.C. §§ 1-26, and CFTC Regulations, 17 C.F.R. pts. 1-190 (2025), arising from fraudulent solicitations and misrepresentations involving purported trading of

---

[1] This is the CFTC's second attempt to voluntarily dismiss Fundsz from this action.  On October 23, 2025, the Court struck the CFTC's first motion (Doc. 166) for failure to satisfy the requirements to effectuate Fundsz's voluntary dismissal without court order (*i.e.,* a stipulation signed by all parties who have appeared under Rule 41(a)(1)(ii)) or provide information necessary for the court to evaluate its dismissal by court order (under Rule 41(a)(2)), recognizing in the order the CFTC's ability to file a future motion or stipulation to dismiss Fundsz.  *See* Order (Doc. 177).

Individual Defendants Early and Kingrey appeared in this action, but subsequently defaulted. *See* April 24, 2025 Order (Doc. 155).  Accordingly, the CFTC is proceeding by motion to request the Court order the dismissal of Defendant Fundsz.  *See, e.g., City of Jacksonville v. Jacksonville Hospitality Holdings, L.P.*, 82 F.4th 1031, 1036 (11th Cir. 2023) (concluding that a stipulation of dismissal requires the signature of all parties who have appeared in an action, including those already removed).

2

cryptocurrencies and precious metals and the misappropriation of customer funds. *See* Amended Complaint (Doc. 57).

On August 2, 2023, the Court granted the CFTC's *ex parte* request for an emergency statutory restraining order ("SRO") and the appointment of a receiver. *See* SRO (Doc. 11). In discharging its duties, the Receiver worked to identify and take control and possession of all operations, assets, and records of the Defendants, which included taking steps to discontinue the solicitation of investor funds and taking down the Fundsz website. *See, e.g.,* Receiver's Initial Report and Inventory Pursuant to SRO (Doc. 58); Receiver's Third Status Report (Doc. 143). Ultimately, the Receiver recovered more than $4 million in assets, and a claims process and distribution plan to return funds to victims were recently approved by the Court. *See* Receiver's Motion to Approve Claims Process and Distribution Plan (Doc. 161); September 23, 2025 Order (Doc. 176).

Additionally, the CFTC's claims against the individual Defendants in this action are nearly resolved. A motion to enter proposed consent orders for Defendants Larralde[2] and Valcarce is currently pending with the Court. (Doc. 175). A Clerk's Entry of Default has also been entered in this action against

---

[2] During the pendency of this action Rene Larralde passed away. On May 15, 2024, Rachel Larralde, in her capacity as the personal representative of the Larralde estate, was substituted in as a defendant in this action. *See* Order (Doc. 89).

Defendants Early and Kingrey (Doc. 155), with the CFTC ordered to move for default judgment against Early and Kingrey "within 21 days of the resolution of all other claims in this case" (April 4, 2025 Order, Doc. 153). Through this Motion, the CFTC now seeks to dismiss its claims in this case against Fundsz, the only other defendant.

Fundsz was created by Defendant Larralde and was a website platform. *See* Amended Complaint, ¶ 14 (Doc. 57). Fundsz was operated and furthered by the individual Defendants from their various residences, including through promotion over social media channels and solicitations to deposit funds. *Id.,* ¶¶ 13-48. Defendant Larralde controlled all bank accounts and trading accounts that received the customer funds, which accounts were in Larralde's name. *Id.,* ¶¶ 56-58. The Receiver neither identified nor recovered any assets held in the name of Fundsz. *See, e.g.,* Receiver's Initial Report and Inventory Pursuant to SRO, at pp. 1-4, 9-11 (Doc. 58). Fundsz was never served in this action. *See* Court Docket. Further, no response was filed in this action by any person or entity purporting to represent Fundsz. *Id.*

## II. Legal Standard for Voluntary Dismissal by Court Order

Upon request to dismiss a party to an action, a court may order the dismissal on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2); s*ee, e.g., Weinstein v. 440 Corp.*, 146 F. 4th 1046, 1051-52 (11th Cir. 2025) (recognizing

Rule 41(a) allows for dismissal of a single party, as long as all claims against that party are dismissed, even though other claims involving the other parties remain unresolved). "A district court has broad discretion when considering a Rule 41(a)(2) motion for voluntary dismissal." *Posada v. Bravo Foods, LLC*, No. 2:24-cv-658-SPC-NPM, 2025 WL 1208766, at *1 (M.D. Fla. Apr. 25, 2025) (citing *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001)). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the prospect of a subsequent lawsuit, as a result." *Pontenberg*, 252 F.3d at 1256 (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856–57 (11th Cir. 1986)). Potential prejudice to the remaining parties, if any, may also be considered. *See Weinstein*, 146 F. 4th at 1052 (citing *Plains Growers, Inc. By and Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973)).

### III. Voluntary Dismissal of Fundsz Is Appropriate

The dismissal of Fundsz without prejudice is appropriate here.[3] No prejudice to any party will result from Fundsz's dismissal. Fundsz is an unincorporated association that consisted of a now defunct website-based platform. No appearance or filings have been made on Fundsz's behalf in this action, and it

---

[3] "[A] voluntary dismissal upon order of the court is also deemed without prejudice unless otherwise specified by the court." *Pontenberg*, 252 F.3d at 1255.

has not incurred any expenses defending itself or been burdened by prosecutorial delay. All other Defendants in this action are either in default or do not object to Fundsz's dismissal. *See* Clerk's Entry of Default (Doc. 155); Local Rule 3.01(g) Certification. The Receiver also does not object to Fundsz's dismissal. *Id.* Further, no legal prejudice will occur from an order dismissing Fundsz without prejudice. *See, e.g., United States v. $70,670.00 in U.S. Currency*, 929 F.3d 1293, 1303 (11th Cir. 2019) ("A voluntary dismissal without prejudice 'renders the proceedings a nullity and leaves the parties as if the action had never been brought.'") (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)); *Posada*, 2025 WL 1208766, at *2 (concluding that defendant had not suffered clear legal prejudice or lost a substantial right in granting plaintiff's voluntary motion to dismiss) (citation omitted).

      Additionally, the Receiver located no Fundsz assets and the website through which this platform operated has been shut down. As an unincorporated entity, no longer operating and with no known assets, a judgment against it separate from that of the operators and solicitors (which judgments have and will be sought against the individual Defendants in this action) would have no operative effect.

      Finally, as noted, Fundsz was never served in this action. Rule 4(m) requires the Court dismiss any defendant that has not been served within 90 days of the filing of a complaint, upon a motion or *sua sponte* with notice, absent an extension

6

for good cause. *See, e.g., Lau v. Klinger*, 46 F. Supp. 2d 1377 (S.D. Ga. 1999) (granting plaintiff's motion to voluntarily dismiss while finding plaintiff failed to serve defendant pursuant to Rule 4(m)).

## CONCLUSION

For the reasons set forth herein, Fundsz's voluntary dismissal is appropriate. Accordingly, the CFTC respectfully requests the Court enter an order dismissing Defendant Fundsz from this action, pursuant to Federal Rule of Civil Procedure 41(a)(2), without prejudice.

## Local Rule 3.01(g) Certification

The undersigned counsel advised the Receiver and counsel for all non-defaulting parties (Larralde and Valcarce) of the CFTC's intent to file this Motion to Voluntarily Dismiss Defendant Fundsz. The Receiver and counsel for both Defendants Valcarce and Larralde have advised the undersigned counsel that they do not oppose the voluntary dismissal of Fundsz from this proceeding.

Respectfully submitted,

/s/ Rebecca S. Jelinek
Rebecca S. Jelinek (MO #53586)
Commodity Futures Trading Commission
2600 Grand Blvd., Suite 210
Kansas City, MO 64108
Telephone: 816-960-7702
Facsimile: (816) 960-7750
Email: rjelinek@cftc.gov
*Lead Attorney for Plaintiff*

Harry E. Wedewer (DC #975819)
Commodity Futures Trading Commission
1155 21st Street, NW
Washington, DC 20581
Telephone:  (202) 418-5189
Facsimile:  (202) 418-5538
E-mail:  hwedewer@cftc.gov
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of January 2026, the foregoing was filed using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel who have appeared in this matter.

/s/ Rebecca S. Jelinek
Attorney for Plaintiff