## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

     Plaintiff,

v.                                                                    Case No: 6:23-cv-1445-WWB-DCI

RACHEL LARRALDE, as Personal
Representative of Estate of RENE
LARRALDE, JUAN PABLO
VALCARCE, BRIAN EARLY,
ALISHA ANN KINGREY, and
FUNDSZ,

     Defendants.

_____/

## RECEIVER'S FOURTH APPLICATION FOR AN
## ORDER APPROVING AND AUTHORIZING PAYMENT OF
## FEES AND EXPENSES OF RECEIVER AND HER PROFESSIONALS

Melanie E. Damian, the court-appointed Receiver (the "Receiver") in the

above-captioned action, files this Fourth Application (the "Application") seeking

the Court's (a) approval of all of the fees and costs that the Receiver and her

professionals incurred from January 1, 2025 through April 30, 2025 (the

"Application Period"); (b) approval of all of the fees and costs that certain of the

Receiver's professionals incurred from April 1, 2024 through December 31, 2024,

and (c) authorization to immediately pay all such fees and costs from funds held

by the Receivership Estate.  In support of her Application, the Receiver states as follows:

## I.    SUMMARY

The Receiver files this Application seeking the Court's approval of all of the fees and costs incurred by the Receiver, the Receiver's counsel Damian Valori Culmo ("Receiver's Counsel"), and the Receiver's tax consultants at Kapila Mukamal, LLP during the Application Period and the fees and costs that certain of the Receiver's professionals incurred from April 1, 2024 through December 31, 2024 (the approval of which was denied without prejudice in the Court's Order adopting the Magistrate Judge's Report and Recommendation on the Receiver's Third Fee Application), and authorization to immediately pay all such fees and costs from the funds recovered and held in the Receiver's fiduciary account maintained for the Receivership Estate at City National Bank of Florida (the "Receivership Account").

During the Application Period, the Receiver and Receiver's Counsel collectively worked 131.5 hours.  The Receiver and Receiver's Counsel incurred $41,546.50 in fees, at an average hourly rate of $315.94 (calculated by dividing the total fees incurred by total hours expended), and $3,151.57 in costs.  During the prior application period, two attorneys at Receiver's Counsel's firm, Mitchell Koch

and Lucretia Scruggs, worked 10.1 hours assisting the Receiver to fulfill her duties under the Court's Orders, for which fees totaling $3,004.00 were charged, however, the Magistrate Judge did not approve those fees because the Receiver did not identify who these individuals were or provide information regarding their qualifications or experience and, therefore, did not establish that their hourly rates were reasonable.

Further, during the Application Period, the Receiver's tax consultants at Kapila Mukamal, LLP worked approximately 1.6 hours performing necessary tax-related services for the Receivership Estate.  Kapila Mukamal, LLP incurred $560.40 in fees, at an average hourly rate of $350.25 (calculated by dividing the total fees incurred by total hours expended), and $9.60 in costs.  During the prior application period, Kapila Mukamal, LLP worked 9.9 hours performing necessary tax-related services for the Estate, for which Kapila Mukamal, LLP charged $3,185.90 in fees, at an average hourly rate of $321.81 (calculated by dividing the total fees incurred by total hours expended), and $65.70 in costs, however, the Magistrate Judge did not approve those fees and costs because the invoice included time entries for individuals who were not identified in the Fee Application, and the Receiver did not provide evidence showing that the hourly rates were reasonable for the prevailing market.

As demonstrated herein, the foregoing fees and costs were reasonable and necessary to fulfill the Receiver's duties and responsibilities under the Court's August 2, 2023 *Statutory Restraining Order* [ECF No. 11] (the "Statutory Restraining Order") and August 23, 2023 *Consent Order for Preliminary Injunction Against Defendant Rene Larralde* [ECF No. 43] (the "Preliminary Injunction").

Since her appointment, the Receiver has worked diligently with her professionals to efficiently take control of the assets and records of Rene Larralde, Juan Pablo Valcarce, Brian Early, Alisha Ann Kingrey, and Fundsz (collectively, "Defendants" or the "Receivership Defendants") for the benefit of their investors and creditors in fulfillment of her duties under the Court's Orders.  In particular, during the Application Period, the Receiver assisted the CFTC in negotiating a global settlement with Rachel Larralde, as Personal Representative of the Estate of Rene Larralde, took possession of Defendant Rene Larralde's residence (the "Larralde Residence") and sold it for an amount exceeding its market value, resulting in the Estate recovering net proceeds in excess of $1.75 million.  As a result, the Estate is currently holding $4,411,952.25 in cash in its fiduciary account.

In light of the amount of funds in the Estate, the Receiver believed that commencement of the claims administration process (the "Claims Process") was appropriate at this time.  As such, during this Application Period, the Receiver

formulated the Claims Process and prepared the motion to approve it, which motion was filed after the Application Period, unopposed.  *See* ECF No. 161. Thereafter, the Court approved the Receiver's proposed Claims Process, and the Receiver commenced the Claims Process for all investors and creditors to determine each claimant's net loss suffered from investing in Fundsz.  Once the Claims Process is completed, the Receiver will ask the Court to approve her final determination of allowed claim amounts and her proposed distribution amount for each of the investors and creditors holding allowed claims.  The Receiver intends to make one *pro rata* distribution of the funds in the Estate to claimants with allowed claims based on the allowed claim amount determinations made in that Claims Process.

Following her appointment, the Receiver and Receiver's Counsel located and froze multiple bank and cryptocurrency accounts held by the Receivership Defendants.  They coordinated with Bank of America and Launch Credit Union to secure and turn over funds totaling $114,473.02, which were deposited into the Receivership Account at City National Bank in Miami, Florida.  The Receiver also liquidated cryptocurrencies recovered from CEX.io and Exodus, totaling $2,705,728.91, and deposited the proceeds into the same account.  In addition, the Receiver worked with Coinzoom to transfer digital assets from Rene Larralde's

account (including 3,879.99 USDT, $119.44 USD, and 3.75 Zoom tokens valued at $4,000.85) to the Receiver's Coinbase fiduciary account for liquidation and transfer to City National Bank.

After filing a motion for turnover and imposition of a constructive trust (ECF No. 107), the Receiver and the CFTC reached an agreement under which Ms. Larralde vacated the home and turned it over to the Receiver. The property has since been sold, netting the Estate proceeds exceeding $1.75 million.

Further, during this Application Period, the Receiver communicated with defrauded investors and updated the receivership website with court filings and information to keep investors apprised of the status of the receivership and the CFTC enforcement action.

Finally, during the Application Period, Kapila Mukamal, LLP reviewed financial and accounting records, analyzed the Receivership Estate's receipts and disbursements, estimated taxable income or losses for the Estate, reconciled professional fee accruals, prepared Form 1120-SF and related disclosures for the 2023 tax year, and finalized tax filings for the Estate. *See id.*

## II.    <u>RECEIVER'S APPOINTMENT AND DUTIES</u>

### A. Entry of Statutory Restraining Order, the Preliminary Injunction, and Receiver's Duties Thereunder

In its August 2, 2023 Statutory Restraining Order, the Court appointed Melanie E. Damian, Esq. as the Receiver over all assets of each Defendant and the affiliates and subsidiaries owned or controlled by any Defendant.  The Court granted the Receiver control and authority over management and administration of the Receivership Defendants' assets.  The Receiver was tasked with taking possession and control of all operations, assets, and records of the Receivership Defendants, including without limitation all real properties, entities, personal property, and accounts.  Further, the Receiver was directed to diligently manage and safeguard the assets of the Receivership Defendants, ensuring they are not subject to execution or similar processes.  Finally, the Receiver was charged with assuming full control of Fundsz by removing Defendants Rene Larralde, Juan Valcarce, Brian Early, and Alisha Ann Kingrey, and any officer, independent contractor, employee, or agent of the company, from control and management of its affairs.  The Statutory Restraining Order further provides that the Receiver and her professionals are entitled to reasonable compensation for their services and reimbursement of their expenses in fulfillment of the Receiver's duties under the

Statutory Restraining Order and requires the Receiver to file periodic requests for the payment of their fees and costs with the Court. *See* ECF No. 11 at p. 16.

On August 23, 2023, the Court entered the Preliminary Injunction, which, among other things, extended the powers and duties of the Receiver set forth in the Statutory Restraining Order. *See* ECF No. 43 at p. 2.

### B.  Receiver's Employment of Professionals

Immediately upon her appointment and review of relevant documents, the Receiver conducted the necessary planning and determined her need to employ professionals to assist her in carrying out her duties and responsibilities under the Statutory Restraining Order.

Pursuant to the Statutory Restraining Order, the Receiver was provided with authority for "the retention and employment of . . . attorneys." *See* Statutory Restraining Order at p. 10.  Accordingly, the Receiver engaged Damian Valori Culmo ("Receiver's Counsel") as her counsel to assist her to secure the Receivership Defendants' assets and accounts, communicate with financial institutions to freeze and take control of accounts and obtain information and records, investigate and marshal the Defendants' assets, and otherwise fulfill her duties under the Statutory Restraining Order.  Also, to preserve records, the Receiver retained Oscar Delatorre, of CyberDiscovery.net, to forensically image

Defendants' online and cloud-based accounts.  Lastly, to assist with forensic accounting, financial analysis, and tax compliance matters, the Receiver retained Kapila Mukamal, LLP.

### III.    WORK PERFORMED BY THE RECEIVER AND HER PROFESSIONALS DURING THE APPLICATION PERIOD

Descriptions of all of the work performed by the Receiver, Receiver's Counsel, and the Receiver's tax consultant in fulfillment of the Receiver's duties under the Statutory Restraining Order and the Preliminary Injunction during the Application Period are set forth in the invoices attached hereto as **Exhibits A** and **B**.  Descriptions of all of the work performed by attorneys Mitchell Koch and Lucretia Scruggs and by the Receiver's tax consultant at Kapila Mukamal, LLP during the prior application period are set forth in the invoices attached hereto as **Exhibits C** and **D.**  The invoices include the Receiver's and her professionals' complete time records of the work performed (with a breakdown of the time expended each day on each task under each category of work),[1] the reduced hourly rates (ranging from $100 to $395),[2] the total hours expended, and total fees

---

[1] The categories of work include:  Asset Analysis and Recovery, Asset Disposition, Case Administration, Business Operations, and Fee Applications.

[2] For example, the Receiver's and Receiver's Counsel's hourly rates have been reduced by as much as 41.5% as of the Receiver's appointment on August 2, 2023, as follows:

      a) The Receiver – (Melanie E. Damian "MDD")      From $675 to $395

of each attorney, paralegal, accountant, and receivership administrator (for which fees are not being sought), the total fees of all professionals, and the details and total of all expenses incurred.  *See* Exhibit A-D.  Moreover, the work performed by the Receiver and her professionals during the Application Period is described in detail in the Receiver's Fourth Status Report.  *See* ECF No. 162.

## IV.    REDUCED FEES AND HOURLY RATES

The Receiver and Receiver's Counsel reduced their hourly rates by up to 41.5% as of the Receiver's appointment on August 2, 2023 for this engagement (including reducing the Receiver's and Partner rates from $675 to $395), resulting in significant savings for the Estate.  *See* note 2, *supra*.  In addition, the Receiver and Receiver's Counsel reduced their fees by $9,277.00 (10.27%) and did not charge for any time expended by the receivership administrator or any time expended to prepare this Fee Application and their invoice.  *See* Exhibit A.  As a result, during the Application Period, the Receiver and Receiver's Counsel's average hourly rate (calculated by dividing the fees incurred by the total hours expended during the Application Period) was only $315.94.  Further, Receiver's Counsel reduced the

| | |
|---|---|
| a) Partners –    (Kenneth D. Murena "KDM") | From $675 to $395 |
| b) Of Counsel – (Casandra D. Murena "CPM") | From $575 to $375 |
| c) Associates –  (Adriana Pavon "AP") | From $375 to $300 |
| (Lucretia Scruggs "LS") | From $400 to $325 |
| (Mitchell Koch "MJK") | From $350 to $295 |

fees incurred during the prior application period by attorney Lucretia Scruggs by $227.50 (8%).  *See* Exhibit B.

During the Application Period, the Receiver's tax consultant reduced its fees by $112.08 (20%).  *See* Exhibit C.  Moreover, during the prior application period, the Receiver's tax consultant reduced its fees by $757.90 (18.90%) and performed the majority of the tax work for the Estate at the hourly rates of $320 and $206, resulting in an average hourly rate of only $321.81.  *See* Exhibit D.

### V.    CASH ON HAND IN THE ESTATE

As of the filing of this Application, the Estate had $4,411,952.25 (U.S. Dollars) in cash-in-hand in the Receivership Account.

### VI.    MEMORANDUM OF LAW

The Receiver and her professionals are entitled to reasonable compensation and expenses pursuant to the Statutory Restraining Order.  A court-appointed receiver who reasonably and diligently discharges her duties is entitled to be fairly compensated for services rendered and expenses incurred.  *See SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008); *see also SEC v. Elliott*, 953 F.2d 1560 (11th Cir. 1992) ("[I]f a receiver reasonably and diligently discharges his duties, he is entitled to compensation.").  A receiver and her professionals are "also entitled to be reimbursed for the actual and necessary expenses they incurred in the

11

performance of their duties." *FTC v. Direct Benefits Grp.*, LLC, Case No. 6:11-cv-1186-Orl-28TBS, 2013 WL 6408379, at *3 (M.D. Fla. Dec. 6, 2013).

Receivership courts have traditionally determined reasonableness of compensation by using the "lodestar" approach, calculating a reasonable hourly rate in the relevant market and the reasonable number of hours expended. *See, e.g., SEC v. Aquacell Batteries, Inc.*, Case No. 6:07- cv-608-Orl-22DAB, 2008 WL 276026, *3 (M.D. Fla. Jan. 31, 2008); *see also Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The hourly rates charged by the Receiver, Receiver's Counsel, and the professionals at Kapila Mukamal, LLP are reasonable, particularly in light of significant discounts described above, for professionals practicing in the Middle District of Florida and the Southern District of Florida who have skills and experience similar to the Receiver and her professionals and provide services similar to those described above and reflected in the attached invoices and in the Receiver's Fourth Status Report [ECF No. 162].

The Receiver is an AV-rated attorney with extensive experience serving as a Court-appointed receiver, monitor, and other fiduciary and as receiver's counsel in numerous federal and state court receiverships, including receiverships arising from CFTC and SEC enforcement actions. *See* Receiver's qualifications and experience, attached as Exhibit B to the Receiver's Amended First Fee Application [ECF No. 82]. Receiver's Counsel (Damian Valori Culmo) is an AV-rated law firm that concentrates its practice on equity receiverships arising from government enforcement actions and complex business and fraud litigation and possesses the knowledge and experience to handle receivership cases such as this one. *See* Qualifications and experience of the attorneys at Damian Valori Culmo working on this matter, attached as Exhibits C, D, and E to the Receiver's Amended First Fee Application [ECF No. 82].[3] [4]

The reduced hourly rates of the Receiver and Receiver's Counsel are lower than or consistent with the rates of other Court-appointed receivers and receiver's

---

[3] Kenneth Dante Murena, a Partner at Damian Valori Culmo, is lead counsel to the Receiver in this receivership. He has been practicing law for more than 27 years, specializes in the areas of federal equity receivership, fraud litigation, and complex business litigation, has served as a court-appointed federal equity receiver in another CFTC enforcement action and in an SEC enforcement action, and has served as lead counsel to court-appointed federal equity receivers and monitors in approximately 20 other federal government enforcement actions. He also has served as a state court-appointed Receiver and routinely represents state court-appointed receivers in fraud, business, and real estate litigation matters. Finally, he represents investors, creditors, and bankruptcy trustees in fraud, asset recovery, and bankruptcy cases. Mr. Murena's qualifications

counsel in CFTC enforcement actions in the Middle and Southern Districts of

Florida.  As an example, the District Court for the Southern District of Florida,

approved the fees that Receiver Michael Goldberg incurred in a CFTC

---

and experience are set forth in the profile attached as Exhibit C to the Receiver's Amended First Fee Application [ECF No. 82].

Casandra Perez Murena, Of Counsel at Damian Valori Culmo, has been practicing law for more than 23 years and has significant experience representing receivers and other fiduciaries in federal and state court receiverships. In particular, she is instrumental in assisting court-appointed receivers in marshaling, preserving, and liquidating assets and formulating and implementing claims processes and distribution plans, and works with receivers and government agencies investigating claims and enforcing restraining orders and injunctions.  Ms. Murena also works on fraudulent transfer actions, investor recovery actions, complex business litigation, and pursuing and preserving creditors' rights in bankruptcy cases.  Ms. Murena's qualifications are attached as Exhibit D to the Receiver's Amended First Fee Application [ECF No. 82].

Adriana M. Pavon, an associate attorney at Damian Valori Culmo, has been practicing law for more than four years.  She works alongside Partners and Of Counsel on federal and state court receivership matters, fraudulent transfer actions, asset recovery matters, and complex business litigation.  Ms. Pavon's qualifications and experience are set forth in the profile attached as Exhibit E to the Receiver's Amended First Fee Application [ECF No. 82].

[4] Lucretia Scruggs, an attorney at Damian Valori Culmo, has more than 15 years of legal experience and serves as an E-Discovery specialist focusing on complex business litigation, bankruptcy, and receivership matters.  Before joining the firm, she represented consumers in bankruptcy proceedings, advised mortgage creditors, and worked on large-scale litigation projects to streamline discovery and document management.  Ms. Scruggs has extensive experience in federal bankruptcy court proceedings, including team management and case administration, and is dedicated to fostering efficient case management and professional collaboration in all aspects of her work.  Ms. Scruggs's qualifications and experience are set forth in the profile attached hereto as **Exhibit E**.

Mitchell Koch, Esq., was an associate attorney at Damian Valori Culmo who worked on SEC and CFTC receiverships and business litigation matters.  He is no longer at Damian Valori Culmo.  He currently works at Trembly Law Firm in Miami Florida as a litigation attorney focusing on complex business and contract disputes, fraud, receivership, ADA discrimination, professional liability, HOA disputes, insurance coverage issues, and appellate matters. Mr. Koch's qualifications and experience are set forth in the profile attached hereto as **Exhibit F**.

enforcement action at the reduced hourly rate of $495 in 2019, which is $100 more than the capped hourly rate of the Receiver and Receiver's Counsel in this case. *See* Fee Application and Order, attached as Exhibit F to the Receiver's Amended First Fee Application [ECF No. 82]. Additionally, the District Court for the Middle District of Florida approved the fees that Receiver Burt Wiand incurred in a CFTC enforcement action at the reduced hourly rate of $360 based on his 2019 rate which he agreed to maintain for the duration of the matter. *See* Fee Application and Order, attached as Exhibit G to the Receiver's Amended First Fee Application [ECF No. 82].

Moreover, in the Declaration attached as Exhibit H to the Receiver's Amended First Fee Application [ECF No. 82], Jeffrey Schneider, an experienced Court-appointed receiver and receiver's counsel in FTC, CFTC, and SEC enforcement actions, attested that he has first-hand knowledge of the skill and experience of the Receiver and Receiver's Counsel and that they have exceptional skills and extensive experience serving as receiver and/or receiver's counsel in a number of FTC, CFTC and SEC enforcement actions. Moreover, Mr. Schneider attested that the reduced hourly rates charged by the Receiver and Receiver's Counsel are exceedingly reasonable given their skills, qualifications, and experience and the work they performed in this case during the initial application

15

period and consistent with if not below the prevailing market rates of other receivers and receiver's counsel with similar skills, qualifications, and experience working on CFTC and SEC enforcement actions. *See* Exhibit H to the Receiver's Amended First Fee Application [ECF No. 82].

The tax professionals at Kapila Mukamal, LLP have extensive experience preparing and filing tax returns, statements, and other forms for receivers and receivership estates. The partners at Kapila Mukamal, LLP routinely concentrate on providing forensic investigation and tax-related services (including without limitation analyzing financial records, estimating taxable income or losses, reconciling professional fee accruals, and preparing and filing Form 1120-SF and related disclosures) for receivers and receivership estates in both state and federal receivership cases, including prior enforcement actions commenced by the SEC, the CFTC, and the FTC. *See* Resumes of Melissa Davis, Lesley Johnson, Ky Johnson, Jennifer Heider, attached hereto as **Composite Exhibit G**. The tax services that Kapila Mukamal, LLP provided for the Receivership Estate during the Application period were primarily performed by tax professionals whose hourly rates were billed as follows: Lesley Johnson ("LJJ") (partner-level accountant) at $620 per hour, Jennifer Heider ("JRH") (senior accountant) at $320 per hour, and Ky Johnson ("KJJ") (staff accountant) at $206–$220 per hour. Courts

in this District have entered orders approving and awarding fees to Kapila Mukamal, LLP, based on hourly rates similar to those charged in this case, for similar tax-related services for receivership estates. A copy of a Court-appointed receiver's fee application filed in a CFTC enforcement action in the Middle District of Florida and a copy of the Court's order granting that fee application are attached hereto as **Composite Exhibit H**.

As described above and in further detail in the invoices attached hereto as Exhibits A and B and in the Receiver's Fourth Status Report [ECF No. 162], since her appointment, the Receiver and her professionals have diligently worked to efficiently take control of the assets and records of Defendants Rene Larralde, Juan Pablo Valcarce, Brian Early, Alisha Ann Kingrey, and Fundsz, including more than $2.8 million worth of cryptocurrencies, for the benefit of their investors and creditors in compliance with the Statutory Restraining Order, to trace investor funds to the cryptocurrencies, to various accounts, and to the Larralde Residence, and to perform tax-related services for the Estate.  Therefore, the work performed by the Receiver and her professionals was reasonable and necessary to fulfill the Receiver's duties under the Statutory Restraining Order and Preliminary Injunction and the hourly rates of, and the number of hours expended by, the Receiver and her professionals during the Application Period are reasonable for

receivers and their professionals with similar skills and experience performing services in the Middle District of Florida and the Southern District of Florida similar to those for which payment is sought herein, under the "lodestar" standard. *See Aquacell Batteries, Inc.*, Case No. 6:07- cv-608-Orl-22DAB, 2008 WL 276026 at *3; *Hous. Auth. of Montgomery*, 836 F.2d at 1299-1302.

## VII.    REQUEST FOR FEES AND COSTS

As set forth in the Statutory Restraining Order, the Receiver is authorized to seek approval from this Court for compensation for her and her professionals' services and reimbursement of their expenses on a periodic basis. The Standardized Fund Accounting Report (the "SFAR") for the Application Period is attached hereto as **Exhibit I**.

As reflected in the attached invoice, the total amount of fees and costs incurred by the Receiver and Receiver's Counsel during the Application Period was $41,546.50 in fees, at an average hourly rate of $ 315.94 (calculated by dividing the total fees incurred by total hours expended), and $3,151.57 in costs. *See* Exhibit A. This Application also requests the approval of Receiver's Counsel for the prior reporting period for work performed by attorneys Mitchell Koch and Lucretia Scruggs totaling $3,004 in fees and no costs. *See* Exhibit C.

During the Reporting Period, the Receiver's tax consultants at Kapila Mukamal, LLP incurred $448.32 in fees, at an average hourly rate of $350.25 (calculated by dividing the total fees incurred by total hours expended), and $9.60 in costs.  *See* Exhibit B.   As reflected in the attached invoice, the total amount of fees and costs incurred by Kapila Mukamal, LLC during the prior application period was $3,251.60 (which total includes $3,185.90 in fees and $65.70 in costs). *See* Exhibit D.

By this Application, the Receiver is proposing that this Court approve all of the foregoing fees and costs incurred by the Receiver, Receiver's Counsel, and Kapila Mukamal and authorize the payment of 100% of such fees and costs with funds in the Receivership Account the Receiver maintains for the Receivership Estate.

## VIII.  CERTIFICATION OF CONFERENCE

Undersigned counsel hereby certifies that, on December 9, 2025, he provided the invoices attached to this Application to counsel for the Plaintiff, the CFTC.  On December 13, 2025, counsel for Plaintiff informed undersigned counsel that Plaintiff has no objections to the fees and costs reflected in those invoices.

On December 8, the Receiver's counsel, Adriana Pavon, Esq., provided the invoices attached to this Application to Defendants Early and Kingrey and to

counsel for Defendant Valcarce and requested that they confirm whether they have objections to the fees and costs reflected therein. Defendants Early and Kingrey did not respond to Ms. Pavon or otherwise confirm their position on the invoice provided.[5] On December 9th, 2025, counsel for Defendant Valcarce confirmed that Mr. Valcarce has no position on this Application.

On December 8, 2025 and December 23, 2025, Ms. Pavon provided the invoices attached to this Application to counsel for Defendant Rachel Larralde, as the Personal Representative of the Estate of Rene Larralde, and requested that he confirm whether Ms. Larralde has objections to the fees and costs reflected therein. Counsel for Defendant Ms. Larralde did not respond to Ms. Pavon or otherwise confirm Ms. Larralde's position on the invoices provided.

**WHEREFORE**, Melanie E. Damian, the Court-appointed Receiver, respectfully requests that the Court enter an Order:

(a)    approving the total amount of fees and costs that the Receiver and Receiver's Counsel, Damian Valori Culmo, incurred during the Application Period in the amount of $41,546.50 in fees and $3,151.57 in costs;

---

[5] Undersigned counsel notes that neither Defendants Kingrey and Early have responded to prior communications from the Receiver's office. They also have failed to comply with the requirements to provide the Receiver with a detailed accounting of all assets held by Defendants as required by the Appointment Order. *See* Appointment Order at pp. 12-13. Upon information and belief, the Receiver states that Defendant Kingrey lives abroad and Defendant Early lives out of state.

(b)      approving the total amount of fees that for the work performed by attorneys Mitchell Koch and Lucretia Scruggs at Damian Valori Culmo during the prior application period in the amount of $3,004.00 in fees;

(c)      approving the total amount of fees and costs that the Receiver's tax consultant, Kapila Mukamal, LLP incurred during the Application Period in the amount of $448.32 in fees and $9.60 in costs;

(d)      approving the total amount of fees and costs that the Receiver's tax consultant, Kapila Mukamal, LLP, incurred during the prior application period in the amount of $3,251.60 (which total includes $3,185.90 in fees and $65.70 in costs);

(e)      authorizing the Receiver to pay 100% of the foregoing fees and costs of the Receiver and her professionals, to be paid from the Receivership Account the Receiver maintains for the Receivership Estate; and

(f)      granting any and all other relief the Court deems appropriate under the circumstances.

## IX.    CERTIFICATION BY RECEIVER

The Receiver certifies that:

(a)      I have read this Application;

(b)    to the best of my knowledge, information and belief formed after reasonable inquiry, the Application and all fees and expenses therein are true and accurate;

(c)    all fees contained in the Application are based on the rates listed in the Exhibits attached hereto and such fees are reasonable, necessary and commensurate with the skills and experience required for the activity performed;

(d)    I have not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission);

(e)    in seeking reimbursement for a service which I justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), I require reimbursement only for the amount billed to me by the third-party vendor and paid by me to such vendor. To the extent that such services were performed by me as Receiver, I certify that I am not making a profit as Receiver on such reimbursable service; and

(f)     I have not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership, or any sharing thereof.

*/s/ Melanie E. Damian*
MELANIE E. DAMIAN, RECEIVER


Respectfully submitted this January 13, 2026.

**DAMIAN VALORI CULMO**
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile:   (305) 371-3965

*/s/ Kenneth Dante Murena*
Kenneth Dante Murena, Esq.
Florida Bar No. 147486
E-mail: kmurena@dvllp.com
*Counsel for Melanie E. Damian,*
*Court-Appointed Receiver*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the January 13, 2026 a true and correct copy of the foregoing was served via electronic transmission via this Court's CM/ECF filing system on all counsel or parties who have appeared in the above-styled action.

*/s/ Kenneth Dante Murena*
Kenneth Dante Murena, Esq.
*Counsel for Court-Appointed Receiver*