# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**COMMODITY FUTURES TRADING COMMISSION,**

        Plaintiff,

v.                                                                                      Case No: 6:23-cv-1445-AGM-DCI

**JUAN PABLO VALCARCE, BRIAN EARLY, ALISHA ANN KINGREY, FUNDSZ and RACHEL LARRALDE,**

        Defendants.

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | Receiver's Fourth Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals (Doc. 187) |
| **FILED:** | January 13, 2026 |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**. |

### I.     Background

The Commodity Futures Trading Commission (Plaintiff) claims that Rene Larralde[1] along with the other Defendants fraudulently solicited, accepted, and pooled "potentially millions of

---

[1] By Order dated May 15, 2024, the Court granted Rachel Larralde's unopposed motion for substitution and the Court directed the Clerk to amend the case caption to substitute Rachel Larralde, personal representative of the estate of Rene Larralde, as the named Defendant in this case.  Doc. 89.

dollars of contributions from, as Claimed by Defendants, more than 14,000 members of the general public" to trade cryptocurrencies and precious metals. Doc. 57. The Court has appointed Melanie E. Damian as Receiver in this case (the Receiver) and has already determined that the Receiver and counsel to the Receiver (the Receiver's Counsel) are entitled to payment of a reasonable fee and reimbursement of actual out-of-pocket expenses.

By Order dated May 29, 2024, the Court adopted the undersigned's recommendation to grant in part the Receiver's "Amended First Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals," which the undersigned construed as the Receiver's second request for approval and payment. Docs. 87, 91. Specifically, the Court authorized the Receiver to pay $78,337.50 for professional services rendered and $5,081.88 for costs incurred out of the Receivership Account, but otherwise denied the application. Doc. 91.

The Court then adopted the undersigned's recommendation to grant in part the Receiver's "Second Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and her Professionals." Doc. 126. The Court authorized the Receiver to pay herself out of the Receivership Account $82,127.50 for professional services rendered and $3,103.34 for costs incurred. *Id*.

Further, the Court adopted the undersigned's recommendation to grant in part the Receiver's "Third Application for an Order Approving and Authorizing Payment of Fees and Expenses of Receiver and Her Professionals." Doc. 167. The Court authorized the Receiver to pay $85,586.50 for professional services rendered and $6,582.41 for costs incurred out of the Receivership Account. *Id*. The Court otherwise denied the application. *Id*.

The Receiver now files a "Fourth Application" and seeks the Court's approval of the fees and costs the Receiver and her professionals incurred from January 1, 2025 through April 30, 2025 (the Fourth Application Period). Doc. 187 at 20. Specifically, the Receiver requests approval for $41,546.50 in fees and $3,151.57 in costs the Receiver and the Receiver's counsel incurred and $560.40[2] in fees and $9.60 in costs that the Receiver's tax consultant, Kapila Mukamal, LLP, incurred during the Fourth Application Period. *Id*. at 21. Also, the Receiver requests approval for $3,185.90 in fees and $65.70 in costs Kapila Mukamal incurred and $3,004.00 in fees attorneys Mitchell Koch and Lucretia Scruggs incurred during the prior application period (the Third Application Period). *Id*.[3] The Receiver requests authorization "to pay 100% of the foregoing fees and costs of the Receiver and her professionals, to be paid from the Receivership Account the Receiver maintains for the Receivership Estate." *Id*.

With the Motion, the Receiver has filed invoices from Damian, Valori, and Culmo and Kapila Mukamal; Lucretia Scruggs' attorney profile; Mitchell Koch's attorney profile; Melissa Davis, Jennifer Heider, and Lesley Johnson's resumes; an interim application for an order approving and authorizing payment filed in *Commodity Futures Trading Commission v. Scharf,*

---

[2] The Receiver gives two figures for the fee amount: $560.40 and $448.32. The invoice reflects the fee at $560.40 and, therefore, the undersigned will consider that figure. *See* Doc. 187-3.

[3] In the Third Application, the Receiver included time entries/hourly rates for Lucretia Scruggs, Mitchell Koch, and Jeannette Serna. Doc. 148-1 at 48 to 49. The undersigned found that the Receiver did not identify these individuals in the Third Application, nor did she provide their professional experiences and qualifications. Doc. 160 at 6. Since the Receiver did not provide a lodestar analysis, the undersigned did not find that the rates were reasonable. *Id*. Further, the undersigned found that the Motion and supporting evidence were deficient with respect to Kapila Mukamal. *Id*. The undersigned found that denial without prejudice to allow for adequate briefing was appropriate if the Receiver wished to renew the request. *Id*. at 8. The undersigned recommended that if the Receiver refiled the request, then the Court should require the Receiver to submit an adequate motion and evidence in support of the request as it relates to Kapila, Lucretia Scruggs, Mitchell Koch, and Jeannette Serna. *Id*. at 10. The Court adopted the report and recommendation. Doc. 167.

*et. al.*, Case No. 17-cv-774-J-32MCR; the order granting the application in the *Scharf* matter; a Standardized Fund Accounting Report for January 1, 2025 to April 30, 2025; and Receipts of Fiduciary Account. Docs. 187-1 to 187-9. The Receiver has also filed a Supplement in support of the Motion regarding efforts to confer with Defendants Early, Kingrey, and Larralde in compliance with Local Rule 3.01(g). Doc. 188. The Motion is unopposed.

## II. Discussion

### A. The Receiver's and the Professionals' Fees

The Receiver asserts that she needed to employ professionals and "engaged Damian Valori Culmo ('Receiver's counsel') as her counsel to assist her to secure the Receivership Defendants' assets and accounts, communicate with financial institutions to freeze and take control of accounts and obtain information and records, investigation and marshal the Defendants' assets, and otherwise fulfill her duties under the Statutory Restraining Order." Doc. 187 at 8. Additionally, the Receiver states that she retained Kapila Mukamal to assist with forensic accounting, financial analysis, and tax compliance matters. *Id*. at 9.

#### 1. Hourly Rates

##### a. The Receiver and the Receiver's Counsel

According to the Motion, the Receiver utilized five individuals to assist with duties during the Third and Fourth Application Period. Doc. 187 at 13 to 14. The Damian Invoices reflect the hours and rates billed for these individuals. Docs. 187-1, 187-2. Specifically, the Receiver includes time entries for the Receiver along with Mitchell Koch, Casandra D. Murena, Kenneth D. Murena, Adriana Pavon, and Lucretia Scruggs. *Id*. In total, the Receiver requests approval for fees in the amount of $41,546.50 based on 131.5 hours for the Fourth Application Period. Docs. 187 at 2; 187-1 at 32. The Receiver also renews her request for approval of fees for worked

performed by Mitchell Koch and Lucretia Scruggs in the Third Application Period. The Receiver claims that Mitchell Koch and Lucretia Scruggs performed 10.1 hours of work for a total fee of $3,004.00. Doc. 187 at 21.

The undersigned recommends that the Court approve some of the requested fees but not all. As an initial matter, in the Receiver's "Second Application" for fees, the Receiver claimed that the Receiver's counsel's fees were incurred "at a blended hourly rate of $326.29." Doc. 102 at 2. The Receiver stated that the blended rate was calculated by dividing the total fees incurred by the total hours expended. *Id*. The undersigned rejected the Receiver's proposed figure stating that "[a]s stated in the undersigned's prior report, adopted by the Court, the undersigned rejects the idea that the Court should determine the reasonableness of the collective work based on the blended rate." *Id*. (citing Docs. 87, 91). The undersigned noted that this was the Receiver's third attempt to have the Court adopt a blended rate, but still provided no justification for the use of that rate. *Id*. (citing Docs. 63, 72, 82, 87, 102).

In the Third Application, the Receiver dropped the term "blended rate" but extended yet another invitation to analyze the reasonableness of the rates based on an average. Docs. 148 at 2, 10, 12. Since the Receiver provided no authority to support this position, the undersigned analyzed the reasonableness of the individual rates. Doc. 160 at 4 to 5. In this Fourth Application, the Receiver again discusses the Receiver and the Receiver's counsel's average hourly rate to apparently support her position that the rates are reasonable. Doc. 187 at 10, 18. As in the Third Application, the Receiver provides that she reduced the rates by 10.27% and apparently contends that the average hourly rate of $315.94 is reasonable considering the reduction. *Id*. As stated in the undersigned's previous report and recommendations, to the extent the Receiver requests that

the Court analyze the reasonableness of the rates based on an average, the Receiver provides no authority to support that view and, therefore, the undersigned will examine the individual rates.

As in the previous applications, the Receiver provides additional information on Casandra D. Murena, Kenneth D. Murena, and Adriana Pavon that allows the Court to examine the reasonableness of their rates. The Receiver has also included information for Lucretia Scruggs and Mitchell Koch, who are attorneys with Damian Valori Culmo. The Receiver provides the following breakdown for herself, and the five attorneys as follows:

| Name | Position | Rate |
| --- | --- | --- |
| Melanie E. Damian | Receiver | $395.00 |
| Kenneth D. Murena | Partner | $395.00 |
| Casandra D. Murena | Of Counsel | $375.00 |
| Adriana Pavon | Associate | $300.00 |
| Mitchell Koch | Associate | $295.00 |
| Lucretia Scruggs | Attorney | $325.00 |

Doc. 187 at 10.

The Receiver further includes her own experience as an AV-rated attorney and describes the qualifications of attorneys Kenneth D. Murena, Adriana Pavon, Casandra D. Murena, Mitchell Koch, and Lucretia Scruggs. Doc. 187 at 13 to 13 to 14. The Receiver contends that the hourly rates represent a significant discount for professionals practicing in the Middle and Southern Districts of Florida with comparable skill and experience. *Id*. at 12.

As in the prior reports (Docs. 87, 123, 160), which the Court adopted (Docs. 91, 126, 167), the undersigned finds that the hourly rates for the Receiver and Kenneth D. Murena, Casandra D.

Murena, and Adriana Pavon to be reasonable. The undersigned also finds that the rates for Mitchell Koch and Lucretia Scruggs are reasonable.

But there are two individuals included in the Damian Invoice who the Receiver does not discuss within the Motion.[4] In the exhibits, the Receiver includes a chart of the hours expended and the rate associated with that time. Doc. 187-1. In the 131.50-hour total claimed, the Receiver includes 1.8 hours for Thomas Culmo at a rate of $395.00 and .5 hours for Mary Dhanji at $100.00. The Receiver does not identify these individuals in the Motion and, therefore, provides no lodestar analysis to assist the Court. As such, the undersigned does not find Thomas Culmo or Mary Dhanji's rates to be reasonable.

Based on the foregoing, the undersigned recommends that only the hourly rates for the Receiver ($395.00), Kenneth D. Murena ($395.00), Casandra D. Murena ($375.00), Andriana Pavon ($300.00), Mitchell Koch ($295.00); and Lucretia Scruggs ($325.00) are reasonable. Accordingly, the undersigned recommends that the Thomas Culmo and Mary Dhanji's hours should be removed for the Fourth Application Period figure claimed (i.e., $41,546.50 - $711.00 (Culmo) - $50.00 (Dhanji)= $40,785.50).

  b. <u>Kapila Mukamal</u>

With respect to Kapila Mukamal, the Receiver includes the resumes for Melissa Davis, Lesley Johnson, Ky Johnson, and Jennifer Heider. The Receiver states that during the Fourth Application Period, the Receiver's tax consultants at "Kapila Mukamal, LLP incurred $560.40 in

---

[4] The Damian Invoice also reflects that another individual identified as "MME" performed work on this matter at a rate of $395.00. Doc. 187-1. While the Receiver identifies the initials for the other attorneys within the Motion, the Receiver includes no discussion of a "MME," and the undersigned cannot ascertain who that person may be or their level of experience. Regardless, it does not appear that the Receiver includes the hours "MME" expended in the total figure claimed. *See* Doc. 187-1 at 32.

fees, at an average hourly rate of $350.25 (calculated by dividing the total fees incurred by total hours expended), and $9.60 in costs." Doc. 187 at 3. The Receiver also states that "[d]uring the prior application period, Kapila Mukamal, LLP worked 9.9 hours performing necessary tax-related services for the Estate, for which Kapila Mukamal, LLP charged $3,185.90 in fees, at an average hourly rate of $321.81 (calculated by dividing the total fees incurred by total hours expended), and $65.70 in costs[.]" *Id.*[5]

As stated in the previous report and recommendations, to the extent the Receiver believes that the Court should look to the average rate to determine the reasonableness of the fees, the Receiver provides no authority to support the position. *See id*. So, the undersigned will examine the individual rates. Here, the Receiver includes the individual hourly rates for Lesley Johnson ($620.00), Ky Johnson ($206.00 to $220.00), and Jennifer Heider ($320.00). Doc. 187 at 16. The Receiver contends that the tax professionals at Kapila Mukamal have extensive experience preparing and filing tax returns, statements, and other forms for receivers and receivership estates. *Id*. at 16.

The Receiver also asserts that "the partners at Kapila Mukamal, LLP routinely concentrate on providing forensic investigation and tax-related services (including without limitation analyzing financial records, estimating taxable income or losses, reconciling professional fee accruals, and preparing and filing Form 1120-SF and related disclosures) for receivers and receivership estates in both state and federal receivership cases, including prior enforcement actions commenced by the SEC, the CFTC, and the FTC." *Id*. The Receiver represents that courts

---

[5] The Receiver notes that the undersigned did not approve these fees and costs because the invoice included time entries for individuals who were not identified in the Third Application, and the Receiver did not provide evidence showing that the hourly rates were reasonable for the prevailing market.

in this District have approved and awarded fees to Kapila Mukamal based on "hourly rates similar to those charged in this case, for similar tax-related services for receivership estates." Doc. 187 at 17 (citing Case No. 3:17-cv-774-TJC-MCR (Nov. 28, 2023) (Doc. 187-8) (granting a receiver's application for approval and authorization to pay Kapila Mukamal $3,868.20 in fees).[6]

Based on the Motion and supporting exhibits, the undersigned recommends that the hourly rates for the professionals at Kapila Mukamal are reasonable.[7]

### 2. Hours Expended

#### a. The Receiver and the Receiver's Counsel

The Receiver states that during the Fourth Application Period, the Receiver and the Receiver's counsel collectively worked 131.5 hours. Doc. 187 at 2. For the Third Application Period, the Receiver claims that Lucretia Scruggs and Mitchell Koch worked 10.1 hours. *Id*. at 2 to 3. Since the undersigned has found that the Motion is deficient with respect to the hourly rate for Thomas Culmo and Mary Dhanji—individuals included on the invoices but not identified in the Motion—the hours expended section of this report will be limited to the work performed by the Receiver and the individuals the Receiver discusses in the Motion, and the undersigned will recommend the appropriate reduction.

---

[6] Notably, the receiver in Case No. 3:17-cv-774-TJC-MCR included Kapila Mukamal's invoice which identified the following relevant hourly rates and titles: Jennifer Heider, Tax Consultant, CPA ($306.00); Ky Johnson, Paraprofessional ($196.00); and Lesley Johnson, Partner/Tax CPA, CIRA ($590.00). Doc. 187-8. So, Kapila Mukamal has increased the rates slightly since the court in the Jacksonville Division's approval. Even with the increase, the rates still seem reasonable based on the professionals' experience, but the undersigned notes that Kapila Mukamal discounted the rates in the instant case by another 20% according to the invoices. Docs. 187-3 to 187-4.

[7] The undersigned notes that in the Motion the Receiver references Melissa Davis and provides her resume in support of the request. There are no entries, however, on the Kapila Mukamal invoices for "Melissa Davis" or "MD."

With respect to the Receiver and Kenneth D. Murena, Adriana Pavon, Casandra D. Murena, Lucretia Scruggs, and Mitchell Koch, the Receiver refers the Court to the description of the work performed as reflected in the time records. Doc. 187 at 9.[8] The Receiver also cites to her Fourth Status Report for a summation of the work performed. *Id*. (citing Doc. 162).[9] The Receiver adds that Mitchell Koch and Lucretia Scruggs worked 10.1 hours assisting the Receiver to fulfill her duties under the Court's Orders. *Id*. at 3. Further, the Receiver states that she did not charge for any time expended by the receivership administrator or to prepare the Fourth Application and the invoice. *Id*. at 10.

Based on the itemized invoices, the undersigned finds that the hours expended during the Fourth Application Period are reasonable for the Receiver (10.8 hours), Kenneth D. Murena (46.0 hours), Adriana Pavon (48.2 hours), and Casandra D. Murena (24.2 hours). Again, since the Receiver does not address Thomas Culmo or Mari Dhanji in the Motion, the 131.50 total hours claimed for the Fourth Application Period should be reduced by 2.3 hours (Thomas Culmo 1.8 hours at $395.00 + Mary Dhanji .5 hours at $100.00). As such, the undersigned recommends that the Court approve 129.2 hours of the 131.5 hours claimed.

With respect to Third Application Period, the undersigned also finds that the 10.1 hours expended are reasonable for Mitchell Koch (1.7 hours) and Lucretia Scruggs (8.4 hours) and recommends approval for that time.

---

[8] The Receiver contends that the invoices reflect that the Receiver and "her professionals" have worked to take control of Defendants' assets and records including more than $2.8 million worth of cryptocurrencies and performed tax-related services for the estate. Doc. 187 at 17.

[9] The Receiver is reminded that "[a] motion, other legal memorandum, or brief may not incorporate by reference all or part of any other motion, legal memorandum, or brief." Local Rule 3.01(h).

Accordingly, with the exception of Thomas Culmo and Mary Dhanji's hours, the undersigned recommends that the Court approve the Receiver and her counsel's hours.

    b. <u>Kapila Mukamal</u>

The Receiver seeks approval for Kapila Mukamal's work during the Third and Fourth Application Periods. Doc. 187 at 9. Specifically, the Receiver states that during the Third Application Period, the tax consultants at Kapila Mukamal worked 9.9 hours "performing necessary tax-related services for the Estate[.]" *Id*. at 3. While the undersigned did not approve those hours upon review of the Third Application, the Receiver renews the request and contends that the fees were reasonable and necessary to help the Receiver fulfill her duties and responsibilities. *Id*. at 4.

For the Fourth Application Period, the Receiver states that Kapila Mukamal worked "approximately 1.6 hours" performing the necessary tax-related tasks.[10] The Receiver asserts that Kapila Mukamal "reviewed financial and accounting records, analyzed the Receivership Estate's receipts and disbursements, estimated taxable income or losses for the Estate, reconciled professional fee accruals, prepared Form 1120-SF and related disclosures for the 2023 tax year, and finalized tax filings for the Estate." Doc. 187 at 6. The Receiver represents that the invoices reflect the description for all work performed by the tax consultants. *Id*. at 9.[11]

Upon review of the Kapila Mukamal invoices, the undersigned finds that the hours claimed are reasonable. In determining the "hours reasonably expended," a court should exclude hours

---

[10] While the Receiver states that the hours worked are "approximate," the invoice reflects 1.6 hours. Doc. 187-3.

[11] The undersigned notes that the Third Application Period was from April 1, 2024 to December 31, 2024. With the exception of one invoice from the Fourth Application Period, the Kapila Mukamal invoices are from the Third Application Period.

that are "excessive, redundant, or otherwise unnecessary." *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (quoting *Hensley v. Eckerhart*, 431 U.S. 424, 434 (1983)). Here, the undersigned finds that Kapila Mukamal's hours seems reasonable considering the Receiver's argument in the Motion.

Accordingly, the undersigned recommends that the hours claimed be approved ($3,185.90 + $560.40 = $3,746.30).

### B. Expenses

The Receiver also seeks approval for expenses incurred. Doc. 148 at 2. Namely, the Receiver and the Receiver's counsel incurred $3,151.57 in costs during the Fourth Application Period. Doc. 187 at 18.[12] The Receiver also asserts that Kapila Mukamal incurred $9.60 in costs during the same period and $65.70 in the Third Application Period. *Id*. at 19.

Upon review of the Motion and the invoices, the expenses appear to be justified. Thus, the undersigned recommends that the Court approve $3,151.57 in costs for the Receiver and the Receiver's counsel and $75.30 for Kapila Mukamal and authorize payment for those amounts.[13]

---

[12] The Receiver states that Mitchell Koch and Lucretia Scruggs did not incur costs in the Third Application Period. Doc. 187 at 18.

[13] The largest cost is for junk removal of garbage including a refrigerator. Doc. 187-1 at 31. The undersigned finds that the cost seems reasonable since the Receiver describes work performed at the Larralde residence. *See United States v. Harbor City Capital Corp.*, 2023 WL 11945066, at *3 (M.D. Fla. Aug. 16, 2023), *report and recommendation adopted by*, 2023 WL 11945158 (M.D. Fla. Sept. 6, 2023) (recommending that the court authorize payment for the itemized expenses related to repair, utility, and upkeep for a real property asset).

### III. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that the Court:

1. **GRANT in part** the Motion (Doc. 187) to the extent that the Court authorize the Receiver to pay the following amounts out of the Receivership Account:

   a. $40,785.50 for fees ($41,546.60 minus $711.00) and $3,151.57 for costs the Receiver and the Receiver's counsel incurred during the Fourth Application Period; and

   b. $3,004.00 for fees attorneys Lucretia Scruggs and Mitchell Koch incurred during the Third Application Period;

   c. $560.40 for fees and $9.60 in costs Kapila Mukamal incurred during the Fourth Application Period; and

   d. $3,185.90 for fees and $65.70 in costs Kapila Mukamal incurred during the Third Application Period; and

2. **DENY without prejudice** the remainder of the Motion (Doc. 187) to the right of the Receiver to submit an adequate motion and evidence in support of a request related to Thomas Culmo and Mary Dhanji.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-

to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on March 4, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE